FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC -5 PM 3 56

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MELISSA VIRTUE, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) |
| BETHEL GROUP HOME, INC., | ) ) |
|     Defendant. | ) ) |
| BETHEL GROUP HOME, INC., | ) ) |
|     Third-party plaintiff, | ) ) |
| vs. | ) ) |
| TRUSTMARK GROUP HEALTH BENEFITS PLAN, through TRUSTMARK INSURANCE CO., plan underwriter and insurer, and STARMARKETING AND ADMINISTRATION, INC., AKA STARMARK, d/b/a Plan Sponsor/ Administrator, | ) ) ) ) ) ) ) ) |
|     Third-party defendants. | ) ) |

Case No. F05-0021 CV (RRB)

**DEFENDANT BETHEL GROUP HOME INC.'S
MOTION FOR RECONSIDERATION AND/OR CLARIFICATION
OF THE COURT'S ORDER GRANTING IN PART PLAINTIFF'S SECOND MOTION
TO REMAND**

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Pursuant to District of Alaska Local Rule 59.1, Defendant Bethel Group Home, Inc. ("BGH") files this motion for clarification and/or reconsideration of the Court's Order granting in part and denying in part Plaintiff Melissa Virtue's Second Motion to Remand. *See* Order Dated 11-21-05. In its order, the Court concluded that BGH's third-party complaint was removable, and ruled that the Court "retains Defendant's third-party ERISA claims and remands Plaintiff's state law claims to the Alaska Superior Court." *Id.* at 4. BGH seeks clarification and/or reconsideration on multiple issues.

First, this court has ruled on three separate occasions that federal law is not implicated and there are no ERISA claims because Virtue is not a plan participant. *See, e.g.*, Order Granting Motion to Remand; Order Denying Motion for Reconsideration; Order Denying Second Motion for Reconsideration. It appears that the Court overlooked these findings when it granted the motion to remand Virtue's claims, but not the third-party claims. *See* Order Dated 11-21-05. BGH's third-party complaint was based on the same underlying facts as alleged in Virtue's complaint and in fact expressly incorporated those facts. *See* Third-Party Complaint at 8-16. Because this Court has previously determined that the facts in Virtue's complaint did not implicate federal law for removal purposes of Virtue's complaint, the same underlying facts cannot implicate federal law for removal purposes of the third-party complaint. If the Court seeks to remand only the state law claims in this case, the Court must remand the entire third-party action between BGH and Trustmark.[1] To resolve any perceived inconsistency in the Court's rulings, to provide clarity in the record, and to assist the state court judge in evaluating this Court's rulings, BGH's requests the Court reconsider and clarify this part of its order.

Second, this Court expressly adopted Trustmark's argument that removal was appropriate under ERISA because BGH is a fiduciary for ERISA purposes and is attempting to "enforce . . . the terms of the Plan." *See* Trustmark's Motion at 12-13; Order at 4. Reconsideration is

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3rd AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

---

[1] *Trustmark cited no authority that a court may remand some, but not all of the state law claims under 28 U.S.C. 1441(c).*

BETHEL GROUP HOME'S MOTION FOR RECONSIDERATION AND/OR CLARIFICATION
Virtue v. Bethel Group Home, Case No. F05-0006 CV (RRB)
Page 2 of 7

warranted because this argument and reasoning is based on two factually and legally incorrect premises. BGH is not attempting to "enforce . . . the terms of the Plan," and BGH is not a fiduciary as a matter of law. As stated in BGH's third-party complaint, BGH is only seeking to apportion fault and or damages to Trustmark for its actions, and BGH is not seeking to enforce the terms of the Plan. *See* Third-Party Complaint at 8-16. Moreover, BGH as Virtue's employer, cannot be a fiduciary because it did not exercise discretionary management control over the Plan or its assets. *See* 29 U.S.C. § 1002(21)(a); 29 C.F.R. § 2509.75-8, D-2. Even if BGH was a fiduciary, this Court still would not have jurisdiction over BGH's third-party complaint because ERISA's civil enforcement scheme only allows a fiduciary to seek equitable relief (i.e., to enjoin acts and enforce the terms of the Plan), *see* 29 U.S.C. § 1132(a)(3); *Reynolds Metals Co. v. Ellis*, 202 F.3d 1246, 1247-48 (9th Cir. 2000); *FMC Medical Plan v. Owens*, 122 F.3d 1258, 1260 (9th Cir. 1997), and BGH is not seeking equitable relief against Trustmark, rather it is seeking to have Trustmark pay BGH's (and/or Virtue's) monetary damages, *see* Third-Party Complaint at 16.

Third, the Court ruled that it is remanding Virtue's state law claims and retaining BGH's "third-party ERISA claims." Order Dated 11-21-05 at 4. However, the Court failed to explain in its order whether the Court is also remanding BGH's third-party state law claims, i.e., the various state statutory and common law claims that BGH has asserted against Trustmark that are not based on ERISA. *Id.* at 1-4. In other words, the Court needs to clarify which of the eight claims that BGH has asserted against Trustmark are being remanded. *Id.* at 1-4. None of the eight counts in BGH's third-party complaint expressly raise an ERISA claim despite Trustmark's characterization of the third-party complaint as involving "third-party ERISA claims." Third-Party Complaint at 8-16. The only claim that comes close to being an ERISA claim is Count VII, where BGH alleged Trustmark/Starmark breached their fiduciary duties:

> As the Plan administrator, Starmark owned fiduciary duties to BGH and its employees in the administration of the Plan.

DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

BETHEL GROUP HOME'S MOTION FOR RECONSIDERATION AND/OR CLARIFICATION
Virtue v. Bethel Group Home, Case No. F05-0006 CV (RRB)
Page 3 of 7

> Starmark breached those fiduciary duties as set out above. As the agent, or subsidiary or servant of Trustmark, Trustmark is liable for Starmark's breaches of fiduciary duty. BGH was damaged by the breach.

Third-Party Complaint at 15. Thus to the extent that the Court seeks to retain "BGH's third-party ERISA claims," the only claim that could arguably be retained is Count VII of BGH's third-party complaint. But, BGH is not facially seeking relief under ERISA in Count VII, rather BGH is simply claiming that Trustmark breached its fiduciaries duties. *Id.* Given this Court's prior rulings that ERISA is not implicated in this case, Count VII is not properly construed as an ERISA claim and thus the Court should not retain jurisdiction over this claim either. Given how BGH pled Count VII and given this Court's prior rulings, the fiduciary duties that BGH is claiming Trustmark breached arose out of Alaska common law. Under these circumstances, Count VII does not involve a third-party ERISA claim, and the Court should reconsider its order and remand the entire third-party action.

Fourth, BGH also requests the Court clarify that is not retaining jurisdiction over Counts I, II, III, IV, V, VI, and VIII as these are not ERISA claims. BGH raised a variety of Alaska state law statutory and common law claims in its third-party complaint which were principally based on the facts as alleged in Virtue's complaint and not based on federal law. *See* Counts I-VIII in BGH's Third-Party Complaint. As previously explained, it is not clear from the Court's order which counts the Court is retaining and which counts the Court is remanding. *See id.* As set forth in detail in BGH's third-party complaint and in BGH's opposition to Third-Party Defendants Trustmark Insurance Company's ("Trustmark") motion to dismiss, BGH has asserted various state law claims against Trustmark. Third-Party Complaint at 8-16; Opposition to Motion to Dismiss at 22-49. For example, in Count I, BGH filed a state law apportionment of fault claim against Trustmark under AS 09.17.080 and Alaska Rule of Civil Procedure 14(c), in which BGH seeks to apportion any fault to Trustmark based on the allegations in the plaintiff's complaint:

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

BETHEL GROUP HOME'S MOTION FOR RECONSIDERATION AND/OR CLARIFICATION
*Virtue v. Bethel Group Home*, Case No. F05-0006 CV (RRB)
Page 4 of 7

> 22. Bethel Group Home incorporates the allegations in Plaintiff's complaint for purposes of information only, the statements in Bethel Group Home's answer, and paragraphs 1-21 above.
>
> 23. To the extent plaintiff's complaint alleges she was damaged by the failure to properly process her health insurance application and/or failure to receive health benefits, those damages were caused by the fault and/or unreasonable conduct of Starmark and/or Trustmark. Assuming *arguendo* that the fact finder determines any of Virtue's causes of actions to be substantiated, and pursuant to Alaska Rule of Civil Procedure 14(c) and AS 09.17.080, any fault should be apportioned by the jury among all of the parties bearing responsibility, including third-party defendants Trustmark, Starmark and/or the Plan.[2]

See Third-Party Complaint at 8-9. Because Count I is based on the plaintiff's state law claims, which this Court has previously concluded do not implicate ERISA or any other federal law, Count I of BGH's third-party complaint must be remanded to state court. *See Hayduk v. United Parcel Service, Inc.*, 930 F. Supp. 584, 599-00 (S.D. Fla. 1996) (remanding state court complaint and counts in third-party complaint based on state law, while retaining one federal claim).

If the Court does not remand the apportionment count, the Court's ruling will have the effect of causing BGH undue prejudice. The bulk of the claims asserted by Virtue against BGH and by BGH against Trustmark are factually intertwined. For example, the fundamental question of the causation for Virtue's alleged damages, i.e., why Virtue was not enrolled in the Plan, is fiercely contested among the three parties (i.e., whether it was because of Virtue's, BGH's or Trustmark's negligence or a combination of all three). This is a factual dispute that will have to be resolved by the jury about who caused Virtue's damages (i.e., Virtue, BGH or Trustmark). *See* Complaint; Answer; Third-Party Complaint. But, as a result of the Court's ruling, the state court jury may not be able to apportion damages or allocate fault to Trustmark, the other potentially liable party, under AS 09.17.080. See AS 09.17.080. Consequently, after hearing the

---

[2] BGH also asserted in the alternative that "to the extent plaintiff has any damages, these damages are preempted and/or limited by ERISA, 29 U.S.C. § 1001 et. seq., by the terms of the Plan and/or by common law or contractual duties. Trustmark and/or Starmark and/or the Plan are responsible for these damages." Third-Party Complaint at 9.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

BETHEL GROUP HOME'S MOTION FOR RECONSIDERATION AND/OR CLARIFICATION
Virtue v. Bethel Group Home, Case No. F05-0006 CV (RRB)
Page 5 of 7

evidence, the state court jury could conclude that Trustmark caused all or part of Virtue's damages, but might arbitrarily allocate all of the fault and damages to BGH because this Court has removed BGH's state law based apportionment claim regarding Virtue's state law causes of action from the state court jury. This unfairly and needlessly prejudices BGH. Moreover, having two separate fact finders (i.e., one state and one federal) assign, allocate and apportionment fault could lead to inconsistent results (i.e., the state jury could determine Trustmark was the cause of Virtue's damages, while the federal court could determine Trustmark was not the cause). *See Quintel Corp., N.V. v. Citibank, N.A.*, 100 F.R.D. 695, 698 (D.C.N.Y. 1983). Litigating the cases in two different forums would not only not be an inefficient use of resources, time, and money, *see Van Dorn v. Huffman*, 221 F. Supp. 285, 288 (D.C. Ill. 1963), it would deprive BGH of its right to have a jury apportion fault and damages to Trustmark for the state law claims. The Court should remand Count I of BGH's third-party complaint.

Similarly, BGH's state law claims in Count II involving contractual indemnity; Count III involving implied indemnity; Count IV involving negligence; Count V involving breach of the implied covenant of good faith and fair dealing, violation of the Alaska Unfair Claims Settlement Practices Act, AS 21.36.125, and 3 AAC 26.040, 3 AAC 26.050; Count VI involving equitable estoppel; and Count VIII involving punitive damages, must also be remanded as they are factually and facially based on state statutes, state administrative codes and state common law. *See* Third-Party Complaint at 8-16; 28 U.S.C. § 1441(c).

For the reasons set forth above, the Court should reconsider its order and remand Counts I-VIII, as the eight counts BGH has asserted against Trustmark are based on Alaska state law. Alternatively, the Court should clarify in its Order which counts in the third-party complaint it is remanding. BGH requests oral argument on this motion.

DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

BETHEL GROUP HOME'S MOTION FOR RECONSIDERATION AND/OR CLARIFICATION
Virtue v. Bethel Group Home, Case No. F05-0006 CV (RRB)
Page 6 of 7

DATED at Anchorage, Alaska this __5__ day of December, 2005.

> DELANEY, WILES, HAYES,
> GERETY, ELLIS & YOUNG, INC.
> Attorneys for Defendant
> BETHEL GROUP HOME, INC.
>
> _Cynthia L. Ducey_
> Cynthia L. Ducey, ABA No. 8310161
>
> _Eric Ringsmuth_
> Eric Ringsmuth, ABA No. 0305019

**CERTIFICATE OF SERVICE:**
This certifies that on the
5th day of November, 2005, I caused
a true and correct copy of the foregoing to be
■-MAILED F/C MAIL to the following:

Jim J. Valcarce
Cooke, Roosa and Valcarce LLC
Box 409
Bethel, AK 99559-0409

Richard Friedman
Friedman, Rubin & White
1227 W. 9th Avenue, Second Floor
Anchorage, AK 99501

William Earnhart
Lane Powell
301 West Northern Lights Blvd., Suite 301
Anchorage, AK 99501

111182

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

BETHEL GROUP HOME'S MOTION FOR RECONSIDERATION AND/OR CLARIFICATION
Virtue v. Bethel Group Home, Case No. F05-0006 CV (RRB)
Page 7 of 7