FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 19 PM 3: 31

TG

William A. Earnhart, ASBA No. 9411099
LANE POWELL LLC
301 West Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone: 907.277.9511
Facsimile: 907.276.2631
earnhartw@lanepowell.com
Attorneys for Third Party Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| MELISSA VIRTUE,<br><br>                Plaintiff,<br><br>v.<br><br>BETHEL GROUP HOME, INC.,<br><br>                Defendant.<br><br>BETHEL GROUP HOME, INC.,<br><br>                Third Party Plaintiff,<br><br>v.<br><br>TRUSTMARK INSURANCE COMPANY;<br>TRUSTMARK LIFE INSURANCE COMPANY;<br>EMPLOYEE WELFARE BENEFIT PLAN<br>SM46761e0001 (The Plan); AND<br>STARMARKETING AND ADMINISTRATION,<br>INC.,<br><br>                Third Party Defendants. | CASE NO. F05-021 CI (RRB)<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**TRUSTMARK'S OPPOSITION TO<br>BETHEL GROUP HOME'S MOTION<br>FOR RECONSIDERATION** |

I.    **INTRODUCTION**

        Third party defendants Trustmark Insurance Company et al., (collectively "Trustmark") hereby oppose defendant/third party plaintiff Bethel Group Home, Inc.'s (BGH's) motion for

reconsideration. The Court's ruling on Virtue's Second Motion to Remand was correct. Moreover, Trustmark removed the case to this Court, and has an important interest in a federal forum in which to defend against the ERISA-preempted claims brought against it. Trustmark therefore asks that the Court consider its argument in this matter.

## II.   ARGUMENT

### A.   ERISA is implicated in this case.

BGH's motion for reconsideration is a remarkable and inexplicable shift in position. BGH had previously maintained that "Trustmark's removal was proper under 28 U.S.C. § 1441(c)," and "opposed remand of only the claims involving Virtue and BGH." BGH's Opposition to Motion to Dismiss at 13. *See Also* Third Party Complaint ¶ 21 ("The Plan is a liable entity under ERISA, 29 U.S.C. § 1132(d)(2)."); BGH's Opposition to Second Motion to Remand at 6-7 ("Another reason why BGH's and Virtue's claims are substantial and turn on and implicate significant federal issues is that BGH is claiming Trustmark acted unlawfully . . . . ERISA is substantially implicated in resolving the fundamental issues of this case."); *id.* at 8 ("Trustmark Had the Right to Remove This Case[.]").

Yet BGH now argues that this case does not implicate ERISA at all. Motion for Reconsideration at 2. BGH's Motion for Reconsideration thus reflects a reconsideration of its *own* position rather than a re-articulation of why its *initial* position was correct or an exposition of a change in the law since the court's ruling. This is not the sort of "reconsideration" that Local Rule 59.1 was intended to facilitate. BGH has made no showing that its change in position is the result of anything other than a strategic choice. As such, it is not a proper ground for a

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

motion for reconsideration. BGH's late-filed[1] motion for reconsideration should be denied on this ground alone.[2]

BGH's third party claims implicate ERISA. BGH seems to argue that ERISA is not implicated simply because BGH did not refer to ERISA on the face of its third-party complaint. Motion for Reconsideration at 3. This is factually incorrect; ERISA and the Plan appear on the face of BGH's third party complaint. *See* Third Party Complaint, ¶¶ 3, 4, 5, 6, 7, 8, 10, 11, 12, 16, 17, 19, 20, 23, 25, 27, 29, 30, 32, 33, 36, 38, 41, and 43.

Moreover, "the ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.' " *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987)). BGH never so much as mentions ERISA preemption, much less attempts to explain why its state-law claims are not preempted.

---

[1] Under L.R. 59.1(b)(2)(1), "a motion for reconsideration must be filed not more later than five (5) days after entry of the order." BGH filed its motion for reconsideration on December 5, 2005. But the order was entered on November 21, 2005. Therefore, unless BGH first received notice of the order on or after November 29, 2005, its motion for reconsideration is untimely.

[2] Although L.R. 59.1 does not specify the circumstances justifying a motion for reconsideration, the Court should take guidance from the Central District of California's Local Rule 7.16, which provides that

> a motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

Trustmark's Opposition to Bethel Group Homes' Motion For Reconsideration
*Melissa Virtue v. Bethel Group, et al.*   (Case No. F05-0021 CI (RRB))   Page 3 of 7

As explained in Trustmark's opposition to the motion to remand, ERISA preempts each of BGH's third party state-law claims against Trustmark, and the claims are therefore removable under 28 U.S.C. § 1441(c). *See* Trustmark's Opposition to Second Motion to Remand and Motion to Dismiss Third-Party Complaint at 12. The Court therefore has subject matter jurisdiction over this case. Moreover, BGH effectively has no state law claims to remand, because *all of its state law claims are preempted by ERISA.*

BGH also incorrectly assumes that the court's previous rulings that ERISA was not implicated in its dispute with Virtue means that ERISA is not implicated in its dispute with Trustmark. Motion for Reconsideration at 2. But BGH's third party complaint introduced new facts. *See* Third Party Complaint, ¶¶ 1-21. Moreover, the third-party complaint is based on the duty toward Virtue imposed by ERISA on Trustmark rather than the state law duties that BGH owed to Virtue. *See* Third Party Complaint, ¶¶ 20, 21, 23, 25, 27, 29, 30, 32, 40, 43, 45. BGH's introduction of Trustmark as a third party defendant – not to mention *the Plan itself* – implicates ERISA.

**B.    BGH is a fiduciary seeking to enforce the terms of the Plan.**

BGH also argues for the first time that it is not an ERISA fiduciary and that it is not seeking to enforce the terms of the plan. *Compare* Motion for Reconsideration at 2-3 *with* BGH's Opposition to Second Motion to Remand at 7. An employer can be an ERISA fiduciary if its duties include "determining employees' eligibility for coverage, enrolling them in the plan, issuing certificates of insurance under the group policy, advising employees as to the scope of benefits, collecting and forwarding premiums to [the insurer], and on occasion, at least, helping employees file claims." *Ward v. Management Analysis Co. Employee Ben. Plan*, 135 F.3d 1276, 1286 (9th Cir.

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

1998), *aff'd in part and rev'd in part on other grounds*, 526 U.S. 928 (1998). The Court's determination that BGH is an ERISA fiduciary is correct.

"[A] suit for indemnity by a fiduciary against a co-fiduciary predicated upon the latter's violation of the terms of the plan may be brought under ERISA." *Youngberg v. Bekins Co.*, 930 F. Supp. 1396, 1400 (E.D. Ca. 1996). 29 U.S.C. § 1132(a)(3) "expressly provides a fiduciary with an equitable remedy for redressing violations of the plan or to enforce the plan," and indemnity is equitable relief. *Id.* When statutory terms are terms of art, they are presumed to carry their common law meanings. *Evans v. U.S.*, 504 U.S. 255, 259 (1992). And "[a]t common law, indemnity was considered a traditional equitable remedy." *Youngberg*, 930 F. Supp. at 1400. The court was correct to conclude that BGH is an ERISA fiduciary bringing an equitable action to enforce the Plan's terms.

### C. The Court's order will not result in prejudice or inefficiency.

BGH suggests that a state court jury might find that Trustmark caused Virtue's damages, yet nevertheless choose to allocate the full amount of damages to Virtue to be paid by BGH. Motion for Reconsideration at 6. This hypothetical is based on a misreading of AS 09.17.080.[3] Under AS 09.17.080(a)(2)(B), BGH is entitled to have its share of the damages *reduced* by the percentage of fault allocated to a non-party who is "precluded from being joined by law or court rule." Moreover, there is no reason to believe that BGH would be prejudiced by having different courts decide the separate and independent questions whether (1) BGH is liable to Virtue, and (2) whether Trustmark is contractually obligated to indemnify BGH for any such liability. In short, BGH will suffer no prejudice as a result of the Court's order. Nor is Virtue prejudiced by this rule, because she could

---

[3] It should be noted that BGH's AS 09.17.080 claim is predicated on the existence of the Plan and the duty that the Plan imposes on Trustmark with respect to Virtue. This claim, too, is precluded.

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

have chosen to bring suit against Trustmark under ERISA but declined to do so. (If Virtue had brought suit against Trustmark, the *entire* suit would be appropriately in federal court.)

Moreover, retaining jurisdiction of BGH's third party claims while remanding Virtue's separate state-law claims against BGH will not result in judicial inefficiency. Contrary to BGH's assertion, whether Trustmark breached a duty that led to Virtue's non-enrollment in the Plan hinges on different facts than the question whether BGH breached a duty that led to Virtue's non-enrollment in the Plan. *See* Third Party Complaint, ¶¶ 1-21; BGH's Opposition to Second Motion to Remand at 9 (arguing that its third party "claims are factually and legally distinct from the claims made by Virtue against BGH"). Because the two claims involve different facts and very different legal issues, allowing the two sets of claims to proceed in two courts will therefore not result in the inefficient use of judicial resources.

## III. CONCLUSION

The Court made the correct decision regarding Virtue's motion to remand; BGH's ERISA-preempted claims require a federal forum, while Virtue's choice of a state law forum for her state-law based claims against BGH should be respected. Removal is therefore proper under 29 U.S.C. § 1132(e) and 28 U.S.C. § 1441(c). Alternatively, the Court should deny the remand motion in its entirety under *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 125 S.Ct. 2363 (2005), as advocated by BGH in its Opposition to Second Motion for Remand at 3-8.

DATED this 19th day of December, 2005.

                    LANE POWELL LLC
                    Attorneys for Third Party Defendants

                    By _____
                    William A. Earnhart, ASBA No. 9411099

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

Trustmark's Opposition to Bethel Group Homes' Motion For Reconsideration
*Melissa Virtue v. Bethel Group, et al.*     (Case No. F05-0021 CI (RRB))    *Page 6 of 7*

**CERTIFICATE OF SERVICE**
I certify that on December 19, 2005, a copy of the foregoing was served by mail on:

COOKE, ROOSA AND VALCARCE LLC
Box 409
Bethel, AK 99559-0409
(Attorneys for Plaintiff)

Margaret Simonian, Esq.
FRIEDMAN, RUBIN & WHITE
1227 W. 9th Ave., 2nd Floor
Anchorage, AK 99501-3218
(Attorneys for Plaintiff)

Richard Friedman, Esq.
FRIEDMAN, RUBIN & WHITE
1126 Highland Avenue
Bremerton, WA 98337-3218
(Attorneys for Plaintiff)

Cynthia L. Ducey, Esq.
DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC.
1007 W. 3rd Ave., Ste 400
Anchorage, AK 99501-1936
(Attorneys for Defendant/Third Party Plaintiff)

*/s/ Jean Pree*

117951.0003/152402.1

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631