William A. Earnhart, ASBA No. 9411099
LANE POWELL LLC
301 West Northern Lights Blvd., Ste 301
Anchorage, Alaska 99503-2648
Telephone: 907.277.9511
Facsimile: 907.276.2631
earnhartw@lanepowell.com
Attorneys for Third Party Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MELISSA VIRTUE,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>BETHEL GROUP HOME, INC.,<br><br>　　　　　　　Defendant.<br><hr>BETHEL GROUP HOME, INC.,<br><br>　　　　　　　Third Party Plaintiff,<br><br>v.<br><br>TRUSTMARK INSURANCE COMPANY;<br>TRUSTMARK LIFE INSURANCE<br>COMPANY; EMPLOYEE WELFARE<br>BENEFIT PLAN SM46761e0001 (The Plan);<br>AND STARMARKETING AND<br>ADMINISTRATION, INC.,<br><br>　　　　　　　Third Party Defendants. | **Case No. F05-021 CI (RRB)**<br><br><br><br><br><br><br><br><br><br>**MOTION TO QUASH SUBPOENA** |

　　　　Third-Party Defendants, through counsel, Lane Powell LLC, and pursuant to Civil Rules 30(d)(4) and 45(c)(3)(a), hereby move to quash a Subpoena for a records deposition of the Third-Party Defendants in the above-captioned matter.

　　　　This records deposition is noticed to take place in Illinois fewer than eight business days from the date of notice. Defense counsel is not available on that date due to transitioning between firms, nor can Trustmark collect all of the information requested by Plaintiff in such a short period of time. More importantly, Bethel Group Home, Inc. has received ninety percent of the information requested in a prior records deposition of third-party defendants, and Trustmark is willing to provide the balance within a reasonable time as outlined below. Thus, this subpoena does not allow a

reasonable time for compliance and subjects Third-Party Defendants to the undue burden of duplicative discovery.

## BACKGROUND

The basic allegations in this and the related state court matter are that Plaintiff, Melissa Virtue, was an employee of Bethel Group Home, Inc. and was promised to be provided health insurance, which she did not receive. Ms. Virtue has been diagnosed with multiple sclerosis and has left the employment of Bethel Group Home, Inc. Her allegations against Bethel Group Home, Inc. include contract and fraud claims based on the apparent alteration of Ms. Virtue's application for health insurance (the waiver boxes were checked) and negligent processing of her application. Bethel Group Home, Inc. has claimed that Third-Party Defendants, Trustmark and Starmark, are responsible for any loss incurred by Ms. Virtue by not having health insurance based on the theory that Trustmark/Starmark should have realized that Ms. Virtue's application was incomplete and altered and taken additional steps to process her application. As the court is familiar with these proceedings and in the interests of economy, third-party defendants call the court's attention to the third-party complaint and motion practice subsequent to removal, resulting in this court's order of November 21, 2005, Docket 18, rather than repeating all of the allegations in detail.

## PROCEDURAL BACKGROUND

This matter was originally filed *Melissa Virtue v. Bethel Group Home, Inc.* in state court on January 7, 2004. Defendant, Bethel Group Home, Inc., attempted to remove the matter to federal court, and it was remanded. There have been three pretrial orders in the state court case. In December 2004, Bethel Group Home, Inc. noticed and took the records deposition of Trustmark/Starmarketing defendants in this matter. *See* Exhibit A, 30(b)(6) deposition notice of December 31, 2004. This deposition took place on January 4, 2005. *See* Exhibit B, copy of deposition with exhibits of Bernadine Wendell.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

After this 30(b)(6) deposition, Bethel Group Home, Inc. filed a third-party complaint against Trustmark and Starmarketing, bringing them into the state court action. Trustmark/Starmarketing removed the third party action to federal court.

On May 17, 2006, Bethel Group Home, Inc. served a federal subpoena and 30(b)(6) motion of Trustmark/Starmark for a deposition to take place on May 31, 2006. *See* Exhibit C, Subpoena In A Civil Case and Notice of Video Taped 30(b)(c) Deposition of Starkmark/Trustmark. Concurrently with this deposition notice, Bethel Group Home, Inc. also provided a deposition notice in the state court caption case, however, without a state subpoena. *See* Exhibit D, Notice of Video Taped 30(b)(6) Deposition of Trustmark/Starmark. It is defense counsel's understanding that May 31, 2006, coincides with the close of discovery in the state court case.

## APPLICABLE LAW

Federal Rule of Civil Procedure 45(c) provides for the protection of a person subject to a subpoena and provides:

> (3)(A)   On timely motion, the court by which the subpoena was issued shall quash or modify the subpoena if it
> (i) fails to allow reasonable time for compliance;
> * * * *
> (iv) subjects a person to undue burden.
>
> (B)  If a subpoena
> (i)   requires disclosure of a trade secret or other confidential research, development, or commercial information
> * * *

FRCP 45(c)3(A) and (B).

The court has broad discretion in determining whether discovery is burdensome and oppressive." *See, e.g., Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "[W]hether a subpoena is burdensome depends on the facts of the case." *Green v. Baca*, 226 F.R.D. 624, 653-54 (C.D. Cal. 2005) (quoting *Hussey v. State Farm Lloyds Ins. Co.*, 216 F.R.D. 591, 596 (E.D.Tex.2003)). A court determining the propriety of a subpoena balances the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

subpoena. *See Heat & Control, Inc. v. Hester Industries, Inc.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986). In other words, "an evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party," including "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) (quoting *Goodyear Tire & Rubber Co. v. Auto Servicenter*, 211 F.R.D. 658, 662 (D. Kan. 2003)) (internal quotation marks omitted).

For example, "if the sought-after documents are not relevant, nor calculated to lead to the discovery of admissible evidence, then *any burden whatsoever imposed would be by definition 'undue.'*" *Del Campo v. Kennedy*, ___ F.R.D. ___, 2006 WL 1314656 *3 (Slip Opinion) (N.D. Cal. May 2, 2006) (emphasis added) (quoting *Compaq Computer Corp. v. Packard Bell Elec., Inc.*, 163 F.R.D. 329 335-36 (N.D. Cal. 1995)). The same can be said of document requests that are duplicative of documents produced by the subpoenaed party in previous records depositions in the same litigation; a party can derive no value from the duplicative production of information that it already possesses, and any burden imposed on another party in making such production is by definition "undue."

## ARGUMENT

### A.   Subpoena Gives Insufficient Time To Respond

Due to the Memorial Day holiday weekend there are only eight business days between receiving Bethel Group Home, Inc.'s subpoena in Alaska and the date that Trustmark Insurance is supposed to respond in Illinois. Further, defense counsel, William A. Earnhart, will be switching firms from Lane Powell to Richmond & Quinn effective May 31, 2006, and is unable to travel to Illinois on such short notice. The subpoena therefore allows neither Trustmark nor defense counsel a reasonable time to comply with its demands.

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

B.   <u>Subpoena Subjects Third Party Defendants To An Undue Burden</u>

Attachment A to Bethel Group Home, Inc.'s May 2006 subpoena (Exhibit C) requests almost identical information to the records deposition which has already occurred in this matter. Items No. 1, 2, 3, 4, 5, 6, 10, 12 and 14 of the May 2006 request are all expressly outlined in the four paragraphs of the December 2004 subpoena (Exhibit A). Item No. 7 of the May 2006 subpoena is implicit within paragraph 4 of the 2004 subpoena and is also covered in the records deposition of Bernie Wendell taken pursuant to that subpoena. See Exhibit C at Pp. 23-104. Also covered at length in that deposition are Item 12, 15, and 17 of the May 2006 deposition. *Id.*

The court may limit discovery where the documentation sought is unreasonably cumulative or duplicative. *See Shoen v. Shoen*, 5 F.3d 1289, 1299 (9th Cir. 1993); Fed. R. Civ. Pro. 26(b)(2)(i). This principal has been applied to quash subpoenas. *See* Fed. R. Civ. Pro. 45, Advisory Committee Note to 1946 Amendment to Subdivision (d) (noting that the amendment "properly gives the subpoena for documents or tangible things the same scope as provided in Rule 26(b), thus promoting uniformity"). For example, in *Diamond State Ins. Co. v. Rebel Oil Co.*, 157 F.R.D. 691, 696-97 (D. Nev. 1994), the defendant issued a subpoena to a non-party aligned with the plaintiff that included a request for documents that the non-party had already provided to the plaintiff. The court noted that the requests were party duplicative, but also noted that the two companies' documents might not be identical. *Id.* "[I]n order to ensure full discovery of the subpoenaed documents and, at the same time, *limit the unnecessary production of identical information*", the court did not compel the production of duplicative documents, but instead required the non-party to submit a log of previously produced documents. *Id.* (emphasis added). Here, the same business entities have been subpoenaed, and the documents requested in requests 1, 2, 3, 4, 5, 6, 10, 12, and 14 are entirely duplicative, having been produced by Trustmark in previous depositions. Trustmark is willing to certify that it has produced all responsive documents in response to identical requests by Bethel Group Home, Inc. in this litigation.

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

It would be grossly unfair for Trustmark/Starmarketing to be re-deposed by the same attorney in essentially the same manner regarding the same subjects on two separate occasions. Third-Party Defendants, Starmarketing and Trustmark, have no objections to providing Items 16 and 18 at a reasonable time and place. Further, in regard to Item 9 in the May 2006 subpoena, assuming such conversations took place and such employees can be identified, third-party defendants do not object to this item again at a reasonable time and place.

C. <u>30(b)(6) Notice Is An Undue Burden And Requires Disclosure Of Trade Secrets Or Other Confidential or Commercial Information And Is Meant Simply To Harass</u>

Item No. 11 in the 30(b)(6) notice requests Trustmark and Starmark "profitability for the time period 2000-2002". This information is irrelevant to any claims in this matter and is confidential information. "Confidential commercial information is information which, if disclosed, would cause substantial economic harm to the competitive position of the entity from whom the information was obtained." *Diamond State Ins. Co.*, 157 F.R.D. at 697 (citing *Allnet Communication Services, Inc. v. Federal Communications Commission*, 800 F. Supp. 984, 988 (D. D.C. 1992)). The requested information can bear no relation to Trustmark/Starmark's underwriting and administration of the Bethel Group Home, Inc. health plan, and is therefore not a proper subject for discovery.

<div style="text-align:center">CONCLUSION</div>

For these reasons, Third-Party Defendants request the court to quash the subpoena in the above-captioned matter.

DATED this 19th day of May, 2006.

<div style="margin-left:50%">
LANE POWELL LLC<br>
Attorneys for Third Party Defendants<br><br>
By /s/ William A. Earnhart<br>
William A. Earnhart<br>
LANE POWELL LLC<br>
301 West Northern Lights Blvd. Suite 301<br>
Anchorage, Alaska 99503-2648<br>
Telephone: 907.277.9511<br>
Facsimile: 907.276.2631<br>
earnhartw@lanepowell.com<br>
ASBA No. 9411099
</div>

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**CERTIFICATE OF SERVICE**
I certify that on May 19, 2006, a copy
of the foregoing was served electronically on:

COOKE, ROOSA AND VALCARCE LLC
Box 409
Bethel, AK 99559-0409
(Attorneys for Plaintiff)

Margaret Simonian, Esq.
FRIEDMAN, RUBIN & WHITE
1227 W. 9th Ave., 2nd Floor
Anchorage, AK 99501-3218
(Attorneys for Plaintiff)

Richard Friedman, Esq.
FRIEDMAN, RUBIN & WHITE
1126 Highland Avenue
Bremerton, WA 98337-3218
(Attorneys for Plaintiff)

Cynthia L. Ducey, Esq.
DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC.
1007 W. 3rd Ave., Ste 400
Anchorage, AK 99501-1936
(Attorneys for Defendant/Third Party Plaintiff)

/s/ William A. Earnhart
117951.0003/155191.1

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

Motion To Quash Subpoena
*Virtue v. Bethel Group Home, Inc. v. Trust Mark, et al.* (Case No.F05-021- CI (RRB))