AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
DISTRICT OF _____

Melissa Virtue – plaintiff
Bethel Group Home – defendant
V.
Bethel Group Home – third party plaintiff
Trustmark/Starmark – Third party defendants

**SUBPOENA IN A CIVIL CASE**

Case Number: F05-0021 CV (RRB)

TO: Starmark/Trustmark Insurance Company
400 Field Drive, Lake Forest, IL 60045-2581

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Deer Path Inn, 255 East Illinois Road, Boardroom Lake Forest, IL 847-234-2280 | 5-31-06 8:00 Alaska / 11:00 Illinois |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
   See Attachment A to notice of 30(b)(6) deposition

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below:

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Cynthia Ducey, attorney for third party plaint. | May 17, 2006 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | (907) 279-3581 |
| Cynthia L. Ducey, Delaney Wiles, Inc. 1007 West 3rd Avenue, Suite 400, Anchorage, AK 99501 | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

REC'D @ 4:38 pm
MAY 17 2006
LANE POWELL LLC

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT C
PAGE 1 OF 14

| PROOF OF SERVICE | |
|---|---|
| DATE **5-17-06** | PLACE **301 W NORTHERN LIGHTS #301 ANCHORAGE, ALASKA** |
| SERVED | |

| SERVED ON (PRINT NAME) **WILLIAM EARNHART (JEAN PREE SECRETARY)** | MANNER OF SERVICE ~~Server~~ **ATTORNEY** |
|---|---|
| SERVED BY (PRINT NAME) **JOHN A GRELLA** | TITLE **COURIER** |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  **5-17-06**
             DATE

SIGNATURE OF SERVER  *John A Grella*

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

EXHIBIT **C**
PAGE **2** OF **14**

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF _____

Melissa Virtue - plaintiff
Bethel Group Home - defendant
V.
Bethel Group Home - third party plaintiff
Trustmark/Starmark - Third party defendants

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  F05-0021 CV (RRB)

TO: Starmark/Trustmark Insurance Company
400 Field Drive, Lake Forest, IL 60045-2581

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Deer Path Inn, 255 East Illinois Road, Boardroom Lake Forest, IL 847-234-2280 | 5-31-06  8:00 Alaska  11:00 Illinois |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A to notice of 30(b)(6) deposition

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Cynthia Ducey, attorney for third party plaint. | May 17, 2006 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER  Cynthia L. Ducey, Delaney Wiles, Inc.  1007 West 3rd Avenue, Suite 400, Anchorage, AK 99501 | (907) 279-3581 |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT C
PAGE 3 OF 14

Cynthia L. Ducey
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska 99501
(907) 279-3581
(907) 277-1331 fax
cld@delaneywiles.com

Attorneys for Bethel Group Home, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MELISSA VIRTUE,<br><br>  Plaintiff,<br><br>vs.<br><br>BETHEL GROUP HOME, INC.,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| BETHEL GROUP HOME, INC.,<br><br>  Third Party<br>  Plaintiff,<br><br>vs.<br><br>TRUSTMARK GROUP HEALTH<br>BENEFITS PLAN, through<br>TRUSTMARK INSURANCE CO.,<br>plan underwriter and insurer,<br>STARMARKETING AND<br>ADMINISTRATION, INC., aka<br>STARMARK, d/b/a Plan Sponsor/<br>Administrator,<br><br>  Third Party<br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

) Case No. F05-0021 CV (RRB)

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

EXHIBIT C
PAGE 4 OF 14

## NOTICE OF VIDEO TAPED 30(b)(c) DEPOSITION OF STARKMARK/TRUSTMARK

To:  STARMARK / TRUSTMARK INSURANCE COMPANY
400 Field Drive
Lake Forest, IL 60045-2581
Contact: Steve McDaniel, Assistant General Counsel, Law Department

PLEASE TAKE NOTICE that the video taped deposition of Starmark/Trustmark Insurance Company, will be taken on **May 31, 2006 at 8:00 a.m. (Alaska Time Zone) 11:00 a.m. Illinois time, at Deer Path Inn, 255 East Illinois Road, Boardroom, Lake Forest, IL – 847-234-2280** before a court reporter.

Pursuant to Fed. R. Civ. Proc. 30(b)(6), Trustmark Insurance Company, Trustmark Life Insurance Company, Starmarketing and Administration shall designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf regarding the substance of the documents sought on Attachment A. The designated person is requested to bring with him or her all documents or tangible items related to or referencing the items on Attachment A, including any information stored electrically.

This deposition will be taken before a court reporter, or some other person or agency authorized to administer oaths, and will continue from day to day until completed. You are invited to attend and participate.

DATED this 17 day of May, 2006, at Anchorage, Alaska.

DELANEY WILES, INC.
Attorneys for Defendant

*Cynthia Ducey*
Cynthia L. Ducey
ABA No. 8310161

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Notice of video taped 30(b)(6) Deposition of Starmark/Trustmark Insurance, Inc.
*Virtue v. Bethel Group Home, Inc.*, Case No. F05-0021 CV (RRB)                        Page 2 of 5

EXHIBIT C
PAGE 5 OF 14

**CERTIFICATE OF SERVICE:**

This certifies that I am an authorized agent of Delaney Wiles, Inc., for service of papers pursuant to Civil Rule 5, and that on the 17th day of May 2006, I caused a true and correct copy to be faxed and mailed upon:

Jim J. Valcarce
Cooke, Roosa & Valcarce
900 3rd Avenue, Box 409
Bethel, AK 99559

HAND DELIVERED UPON:
Margaret Simonian
Richard Friedman
1227 W. 9th Avenue, 2nd Floor
Anchorage, AK 99501

William Earnhart
Lane Powell, LLC
301 West Northern Lights Blvd. Suite 301
Anchorage, AK 99503

17091

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Notice of video taped 30(b)(6) Deposition of Starmark/Trustmark Insurance, Inc.
*Virtue v. Bethel Group Home, Inc.*, Case No. F05-0021 CV (RRB)

Page 3 of 5

EXHIBIT C
PAGE 6 OF 14

## ATTACHMENT A

Pursuant to Fed. R. of Civ. Proc. 30(b)(c) Trustmark/Starmark is requested to produce the person or persons most knowledgeable on the substance of the documents sought below. The designee is requested to produce at the deposition and provide substantive testimony on the follow documents, including electronically stored documents:

1. All materials received from Bethel Group Home on behalf of Melissa Virtue; ✓

2. Documents stating when Melissa Virtue was eligible for health insurance coverage through her employment at Bethel Group Home; ✓

3. All written correspondence and records of verbal correspondence by Melissa Virtue to Trustmark/Starmark and from Trustmark/Starmark to Melissa Virtue; ✓

4. Any claims made by Virtue for coverage under the policy; ✓

5. Any applications for insurance submitted by Melissa Virtue; ✓

6. Any materials addressing the terms, conditions, and benefits of Melissa Virtue's health insurance coverage; ✓

7. For the time period 1/1/02 – 12/31/02 Trustmark/Starmark's Claim Handling Procedures or procedures for receipt, processing and determination of claims for health benefits made by employees of Bethel Group Home under the Group Health policy; *at 4/ deposit to*

8. Trustmark/Starmark's Phone Records for any telephone calls to or from Melissa Virtue or Bethel Group Home on Behalf of Melissa Virtue or any note, message, memorandum memorializing such calls; *Documents*

9. The identity of the Trustmark/Starmark employee that received any telephone call from Melissa Virtue and the substance of the calls;

10. All documents received by Trustmark/Starmark from Mark Regan and/or Alaska Legal Services on Melissa Virtue's behalf and any response to those documents or record of those documents by Trustmark/Starmark, including but not limited to Attachment B and C, affixed hereto; ✓

*11*

Notice of video taped 30(b)(6) Deposition of Starmark/Trustmark Insurance, Inc.
*Virtue v. Bethel Group Home, Inc.*, Case No. F05-0021 CV (RRB)    Page 4 of 5

EXHIBIT C
PAGE 7 OF 14

11. Materials demonstrating Trustmark's Starmark's profitability for the time period 2000-2002; *irrelevant*

12. Procedures or policies for handling health insurance applications that are incomplete or completed incorrectly, that check some but not all boxes in the waiver of coverage section or that completely waive coverage, and where the application for waiver of coverage is ambiguous, incomplete in any respect, or unclear; ✓ *Deposite*

13. How to look up an employer's group number on Trustmark/Starmark's computers or in their paper filing system in 2002; *depo*

14. Complete and true copies of Trustmark/Starmark records, reflecting chronological entries of apparent attempted enrollment activity on behalf of BGH employee Melissa Virtue under this policy number in May-June 2002; ✓

15. Guidelines, Procedures, policies, memos, and handbooks that explain Trustmark/Starmark's underwriting and enrollment procedures under policy number SM 46761E; including new enrollee processing time, effective date of coverage, pre-existing condition limitations, and procedures relating to certificates of prior creditable coverage; *depo*

16. Procedures, Policies, guidelines or memos regarding pre-existing conditions and coverage to be retroactively granted on what constitutes a pre-existing condition and how such claims are evaluated and processed;

17. Documents that identify specific Starmark claims administration office and personnel who would have processed claims submitted by employees of Bethel Group Home; and *depo*

18. Authentication of a true copy of the group health insurance policy (policies) or certificates of insurance issued under Starmark group number SM 46761E, to employees of Bethel Group Home, Inc., of Bethel, Alaska, which was in effect between January through June 2002. ✓

Notice of video taped 30(b)(6) Deposition of Starmark/Trustmark Insurance, Inc.
*Virtue v. Bethel Group Home, Inc.*, Case No. F05-0021 CV (RRB)          Page 5 of 5

EXHIBIT **C**
PAGE **8** OF **14**

# ⫞LSC

ALASKA LEGAL SERVICES CORPORATION
KETCHIKAN OFFICE

306 MAIN STREET, SUITE 218
KETCHIKAN, ALASKA 99901-6483
TELEPHONE (907) 225-6420
FAX (907) 225-6896

November 26, 2002

Bethel Group Home
Box 385
Bethel, Alaska 99559

Starmark
400 Field Drive
Lake Forest, Illinois 60045-2581

Re: Melissa Virtue, SSN 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

Dear Bethel Group Home and Starmark:

We have received no response to our letter dated November 7, 2002, with which we enclosed copies of the outstanding medical bills incurred by Ms. Virtue during the period of April 17, 2002, to present. That letter and an updated summary are attached.

Should we receive no response from you by December 6, 2002 in regard to the medical insurance coverage in question, legal action will be pursued to rectify this matter.

Sincerely,

Alaska Legal Services Corporation
Mark Regan
Attorney at Law

Enclosures: November 7, 2002 letter, summary, copies of bills

Cc: client
    file

EXHIBIT C
PAGE 9 OF 14

ATTACHMENT B

Virtue v. Bethel Group Home
10828



# LSC

ALASKA LEGAL SERVICES CORPORATION
KETCHIKAN OFFICE

306 MAIN STREET, SUITE 218
KETCHIKAN, ALASKA 99901-6483
TELEPHONE (907) 225-6420
FAX (907) 225-6896

November 7, 2002

Bethel Group Home
Box 385
Bethel, Alaska 99559

Starmark
400 Field Drive
Lake Forest, Illinois 60045-2581

Re: Melissa Virtue, SSN 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

Dear Bethel Group Home and Starmark:

This letter is to ask for your assistance in paying Melissa Virtue's medical bills. These bills should have been, but have not been, covered by the Bethel Group Home's group medical policy.

According to records we have received from the Bethel Group Home, Ms. Virtue was to be eligible for group health coverage once she had been employed for three months. She began work in January, 2002, and a letter from Kenneth Alexander of the Bethel Group Home to Starmark, dated April 17, 2002, enclosed her application for coverage. We are not certain that Starmark got the letter and application in a timely fashion, and we do not have a record of any decision actually being made on the application. A release form signed by Ms. Virtue is attached; if there was a decision on the application, please send me a copy.

Shortly after April 17, 2002, and continuing through to this fall, Ms. Virtue needed treatment for various medical problems. Relevant bills are attached, preceded by a summary. If you need any more information about Ms. Virtue's medical treatment, we would be glad to supply it. Let me particularly call your attention to the bills for the treatment she needed in April and May, while she was still working for the Bethel Group Home.

EXHIBIT C
PAGE 10 OF 14

ATTACHMENT C

Ms. Virtue ended her employment with the Bethel Group Home on May 17, 2002. We have no record of any COBRA notices or other documents through which the Bethel Group Home or Starmark notified her of any way to maintain medical coverage.

It's Ms. Virtue's position that the group medical coverage the Bethel Group Home offered to her should have covered, and still should cover, the medical expenses she has incurred since April 17. It is not clear whether the mistake happened at the Group Home's end or at Starmark's end, but whatever the truth may be, Ms. Virtue would like either the Group Home or Starmark to take responsibility for bills. If it is necessary to recapitulate what should have happened under COBRA, Ms. Virtue is ready to do her part.

If you have documents showing why neither the Bethel Group Home nor Starmark should be responsible for the insurance share of Ms. Virtue's medical bills, please send them to me.

Thank you very much.

Sincerely,

Mark Regan
Attorney at Law

Enclosures: release (to Starmark), summary, copies of bills

cc: client; file

Melissa Virtue letter to
Bethel Group Home and
Starmark
November 7, 2002
Page 2 of 2

EXHIBIT C
PAGE 11 OF 14

Virtue v. Bethel Group Home
10830

# MELISSA VIRTUE
# MEDICAL BILLS

| Date | Provider | Amount |
|---|---|---|
| 04/22/02 | Yukon-Kuskokwim Delta Regional Hospital | $10,116.50 |
| 04/22/02 | Yukon-Kuskokwim Delta Regional Hospital | $ 5,439.08 |
| 04/22/02 | Transcare Medical Services, Inc | $ 585.00 |
| 04/23/02 | Denali Emergency Med Assoc. | $ 432.21 |
| 04/24/02 – 05/03/02 | Alaska Imaging Associates, LLC | $ 2,380.00 |
| 04/25/02 – 05/01/02 | Anchorage Pathology Group | $ 1,270.18 |
| Statement: 09/17/02 | Anchorage Pathology Group | $ 199.08 |
| 04/23/02 – 04/26/02 | Wayne Downs, M.D. | $ 2,340.00 |
| 04/23/02 – 05/09/02 | Alaska Regional Hospital | $59,551.23 |
| 04/27/02 – 05/03/02 | Anchorage Pathology Group | $ 392.17 |
| 04/30/02 | Women's Care of Alaska | $ 250.00 |
| | 07/26/02 Write – Off | $ -250.00 |
| 04/30/02 – 05/08/02 | Susitna Neurological, LLC | $ 2,255.00 |
| 05/01/02 – 05/06/02 | Mary K. Downs, M.D. | $ 254.00 |
| 06/09/02 – 06/19/02 | Ketchikan General Hospital | $ 2,052.80 |
| 06/19/02 – 10/10/02 | William H. Anthes, M.D. | $ 717.00 |
| 06/26/02 | Payment to Dr. Anthes by Ms. Virtue | $ -114.00 |
| 08/07/02 | Payment to Dr. Anthes by CAMA | $ -121.67 |
| 08/07/02 | Medicaid Write-Off | $ - 10.33 |
| 10/10/02 | Payment to Dr. Anthes by CAMA | $ - 65.65 |
| 10/10/02 | Payment to Dr. Anthes by CAMA | $ - 65.65 |
| 10/10/02 | Payment to Dr. Anthes by CAMA | $ - 65.65 |
| 10/10/02 | Medicaid Write-Off | $ - 21.35 |
| 10/10/02 | Medicaid Write-Off | $ - 10.35 |
| 10/10/02 | Medicaid Write-Off | $ - 12.35 |

EXHIBIT C
PAGE 12 OF 14

| | | |
|---|---|---|
| 06/07/02 – 10/11/02 Island Pharmacy | $ | 82.20 |
| Paid to Island Pharmacy by Ms. Virtue | $ - | 82.20 |
| 06/15/02 Island Pharmacy | $ | 21.99 |
| Paid to Island Pharmacy by Ms. Virtue | $ - | 21.99 |
| 07/23/02 – 10/22/02 George E. Shaffer DMD | $ | 870.92 |

Note: Per notification on November 14, 2002, the following accounts have been assigned to Cornerstone Credit Services, LLC, P.O. Box 92090, Anchorage, AK 99509, (907)770-8100:

| | | |
|---|---|---|
| Denali Emergency Med Assoc. | $ | 432.21 |
| Interest @ 10.5% | $ | 25.34 |
| Transcare Medical Services, Inc | $ | 585.00 |
| Interest @ 10.5% | $ | 33.78 |
| Mary K. Downs, M.D. | $ | 254.00 |
| Interest @ 10.5% | $ | 13.93 |

EXHIBIT   C
PAGE  13 OF 14

Melissa Virtue Medical Bills

Page 2 of 2

Virtue v. Bethel Group Home
10832

**DELANEY, WILES, HAYES,
GERETY, ELLIS & YOUNG, INC.**
COST ACCOUNT
1007 W. 3RD AVE. STE. 400
ANCHORAGE, AK 99501

28077
89-6-1252

DATE 5/15/06

PAY TO THE ORDER OF  Records Custodian – Starmark/Trustmark    $ 12.50

Twelve and 50/100----------------------------------------------------------- DOLLARS

First National Bank
ALASKA
www.FNBAlaska.com

⑈⑈028077⑈⑈ ⑆125200060⑆ 010 087 4⑈⑈

Records Custodian – Starmark/Trustmark – records deposition of records custodian

CLD

Virtue v. Bethel Group Home

EXHIBIT C
PAGE 14 OF 14