
Cynthia L. Ducey
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska  99501
(907) 279-3581
(907) 277-1331 fax
cld@delaneywiles.com

Attorneys for Bethel Group Home, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MELISSA VIRTUE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| BETHEL GROUP HOME, INC., | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |
| | ) |
| BETHEL GROUP HOME, INC., | ) |
| | ) |
| Third Party Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| TRUSTMARK GROUP HEALTH | ) |
| BENEFITS PLAN, through | ) |
| TRUSTMARK INSURANCE CO., | ) |
| plan underwriter and insurer, | ) **OPPOSITION TO MOTION** |
| and STARMARKETING AND | ) **TO QUASH SUBPOENA** |
| ADMINISTRATION, INC., aka | ) |
| STARMARK, d/b/a Plan Sponsor/ | ) |
| Administrator, | ) |
| | ) |
| Third Party Defendants. | ) |
| _____ | ) Case No. F05-0021 CV (RRB) |

**INTRODUCTION**

Bethel Group Home, Inc., by and through their attorneys, Delaney Wiles, Inc., opposes Trustmark's Motion to Quash Subpoena. In summary, the court should deny Trustmark's motion to quash because: (1) Trustmark has not complied with the local rules since it made no attempt to confer and resolve the conflict; (2) Trustmark has had adequate reasonable notice; (3) the documents and information sought in the 30(b)(6) deposition is relevant; (4) the prior 30(b)(6) deposition was, by Trustmark's own admission inadequate and incomplete and Trustmark's failed to produce documents sought; (5) Trustmark is not subjected to an undue burden; (6) BGH does not seek trade secrets; and (7) BGH will be severely prejudiced if the Court grants the motion.

**I.    History of Discovery**

In the instant case BGH has re-noticed the deposition pursuant to Federal Civil Rule 30(b)(6) of person's most knowledgeable at Trustmark Starmark regarding ". . . the *substance* of the documents sought on attachment A" (emphasis added). *See* Notice of Video Taped Deposition, Exhibit C to Motion to Quash at page 5. The documents sought on Attachment A reiterate that the deposition is not simply a records deposition. Indeed, the attachment states that the designee ". . . is requested to produce at the deposition and provide substantive testimony on the following documents. . .." *Id.* page 7. BGH has not sought a protective order under Federal Civil Rule 26(c) that the substantive deposition of the designee not go forward. Accordingly BGH limits its opposition to the Motion to Quash the Subpoena Duces Tecum to bring the documents on Attachment A and reserves the right to oppose any subsequent motion.

As this Court is familiar with the underlying controversy and claims at issue in both the federal and state cases, BGH will not unnecessarily repeat those facts here. Those background

Bethel Group Home, Inc.'s Opposition to Motion To Quash
Page 2 of 20
Virtue v. Bethel Group Home, et al.
Case No. F05-0021 CV (RRB)

facts can be found in BGH's two oppositions to the motion to remand. However, the Court may not be aware of certain procedural matters as they relate to Trustmark's motion to quash.

This court remanded Virtue's claims against BGH to Bethel superior court, but retained BGH's claims against Trustmark in federal court. Following remand on February 16, 2006, trial in the superior court case was set for October 6, 2006, with close of discovery June 1, 2006. *See* Exhibit 1, pretrial order. Following the pretrial order from superior court, Trademark's attorney expressly requested that any depositions be noticed concurrently in the state and federal court cases. *See* Exhibit 2, letter from Earnhart to Ducey dated March 20, 2006. This served Trustmark's purpose of wanting to attend plaintiff's deposition in the state court case.

Until the new trial date was set, Melissa Virtue thwarted all attempts to conduct discovery in this case. BGH had been attempting to take plaintiff Melissa Virtue's deposition and proceed with discovery in the state court case for over a year and half. From the time BGH initiated removal proceedings in February, 2005, Virtue took the position that no discovery could proceed until the issue of the appropriate court to hear the case had been resolved. After this Court remanded the part of the case directly involving Virtue and BGH, Virtue then took the position that discovery in the state court had closed and BGH would not be entitled to depose Virtue or conduct any discovery. Virtue's deposition was variously noticed in the federal and state court cases on May 8, 2005, August 10, 2005, and August 31, 2005. Although plaintiff moved to quash the deposition, Judge Curda ordered it to occur by September 9, 2005. Plaintiff next used a bankruptcy filing to refuse to produce plaintiff on August 31, 2005. Following this on August 29, 2005 Trademark removed the case and plaintiff's attorneys refused to produce her until the removal issue was decided. Only when Judge Curda ordered for the 2nd time at the January 4, 2006 pretrial conference, for plaintiff to produce herself for deposition did she comply on April 7,

Bethel Group Home, Inc.'s Opposition to Motion To Quash
Page 3 of 20
Virtue v. Bethel Group Home, et al.
Case No. F05-0021 CV (RRB)

2006. This issue was prolonged because following the first complete remand, Trustmark subsequently removed the case again in August 2005. BGH promptly took Virtue's deposition one month ago in April 2006. During the course of this deposition, Virtue alleged she had at least three contacts with Trustmark and that Trustmark gave her little or no information about her insurance enrollment application. *See* Exhibit 3, Virtue deposition at Tr. [223:7, 227:11].

The deposition of Trustmark, pursuant to Alaska Civil Rule of Procedure 30(b)(6), was begun on January 4, 2005 but not completed, since the designee proffered by the company could not provide any information about some of the subjects that were designated in the notice and because all of documents sought in the notice were not produced. Trustmark did not object to producing any documents sought. Trustmark's attorney acknowledged at the deposition understanding that it would be continued and the designee concurred stating, "I don't know" to many of the questions. *See* Exhibit B, [42:17-43:2, 104:2-15] (attached to Motion to Quash); *see also* expanded discussion at pages 11-13.

However, in the interim, BGH filed its 3rd party claim against Trustmark and Virtue was deposed. The May 17, 2006 deposition notice to Trustmark, included topics based on the 3rd party claim and upon Virtue's testimony. The deposition of Trustmark has not been taken in the federal court case. The new 30(b)(6) deposition of Trustmark seeks testimony of the persons most knowledgeable regarding Trustmark's claims handling procedures, response to Virtue and her attorney's request to pay benefits or enroll her, Trustmark's telephone records and communications with her, Trustmark's policies and procedures regarding errors in enrollment and pre-existing conditions and other topics. *See* Exh. C (Subpoena and Notice) (attached to Motion to Quash). *See infra* Section IV.B at 9-11.

Bethel Group Home, Inc.'s Opposition to Motion To Quash
Page 4 of 20
Virtue v. Bethel Group Home, et al.
Case No. F05-0021 CV (RRB)

BGH has attempted to obtain a commission to take an out of state deposition in the state court case so that the state and federal depositions could take place concurrently. However, BGH was not notified of the state court granting BGH's commission for an out of state deposition until yesterday, May 22, 2006. The state clerk of court had inexplicably failed to serve BGH with a copy of this order, which was granted May 8, 2006 or with a prior denial of an application. This was the second time the state clerk of court had failed to serve BGH with a an order from the court regarding the taking of the out-of state of depositions. Because BGH had not been served a copy of the order, it has not been able to move forward with the depositions.

In subsequent telephone calls between Trustmark's local Alaska counsel and BGH's counsel, it was made clear to Trustmark's local Alaska counsel that discovery closed in the state court case on June 1, 2006, and that BGH wanted to continue the January 2005, 30(b)(6) deposition of a knowledgeable Trustmark representative and depose the 30(b)(6) representative on additional related topics before the close of discovery in the state case. *See* Affidavit of Cynthia L. Ducey. At no point did Trustmark's local Alaska counsel express any concern or reservation about the deposition going forward during this time frame. *Id.* On May 17, 2006 BGH's attorney advised Trademark's attorney by phone of the date set for the depositions. Trustmark's attorney repeated his offer that it would accept service of the subpoena. Trustmark's attorney did not object to the date or give any reason to believe it would be inconvenient. *Id.* Instead without conference, this motion was filed.

**II.     BGH Will Be Severely Prejudiced If The Court Grants The Motion To Quash Because Discovery Closes In The State Court Case On June 1, 2006**

Discovery closes in the state court case on June 1, 2006. Trustmark's counsel had previously agreed to have depositions scheduled and proceed concurrently in both the state and

Bethel Group Home, Inc.'s Opposition to Motion To Quash
Page 5 of 20
Virtue v. Bethel Group Home, et al.
Case No. F05-0021 CV (RRB)

federal case. *See, e.g.*, Exh. A (March 20, 2006 Letter from Trustmark Counsel to BGH's and Virtue's counsel). BGH simply seeks to take Trustmark's 30(b)(6) deposition before the close of discovery in the state court case. This is not an unreasonable request. Trustmark has been on notice for over a year and half that BGH wanted to finish the January 2005, 30(b)(6) deposition, as well as depose a Trustmark representative on additional topics before the close of discovery in the state court case.

If the Court grants Trustmark's motion to quash the subpoena duces tecum, BGH will be precluded from obtaining documents at Trustmark's 30(b)(6) deposition regarding topics that have been designated in the notice and that are critical to BGH's defense, i.e., Trustmark's alleged negligent actions in processing Virtue's application, Trustmark's opinion on whether she would have had coverage, whether she was eligible for coverage to begin and whether there was a pre-existing condition. *See* Exhibit C at pp. 7-14. If the Court grants Trustmark's motion BGH will be precluded from obtaining complete 30(b)(6) depositions of Trustmark regarding various topics because all of the documents Trustmark possesses that are relevant to these proceedings are not produced. Fairness, equity and the interests of justice dictate allowing BGH to proceed with the 30(b)(6) depositions before discovery closes on June 1, 2006. Even if the Court grants the motion to quash the subpoena regarding production of the documents, the deposition should go forward in any event because Trustmark is a party to the federal court case, BGH has the right depose the opposing party. and no motion for a protective order regarding the deposition has been filed.

Moreover, given the equities involved, if some or part of BGH's subpoena is overbroad, courts have held that "modification of a subpoena is preferable to quashing it outright." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). BGH would be willing to move the deposition to sometime before May 31, 2006 or have the deposition on June 1, 2006, to

Bethel Group Home, Inc.'s Opposition to Motion To Quash
Page 6 of 20
Virtue v. Bethel Group Home, et al.
Case No. F05-0021 CV (RRB)

accommodate Trustmark. And, as set forth below, Trustmark does not need to produce documents that it has already produced. Also, as set forth below, BGH agrees to withdraw its request for information regarding Trustmark's profitability. Exhibit C, p. 8, item 11. BGH would be willing to take the 30(b)(6) deposition after June 1, 2006, if Trustmark is able to secure Virtue's agreement to extend the deadline for discovery in the state court case.

### III.    The Motion Should Be Denied Since Trustmark Has Not Complied With The Local Rules

Although Trustmark references District Alaska Local Rule 7.2(c), A Motion for Shortened Time, Trustmark has not complied with the requirements to seek shortened time. District Alaska Rule 7.2(c) provides as follows:

> A party may move for hearing or consideration of a matter on a time schedule shorter than provided by the rules. The motion for shortened time must be accompanied by:
>
> [A]    an affidavit explaining
>
> (i)    why shortened time is needed,
>
> (ii)   efforts made to work out the problem with counsel for the other parties,
>
> (iii)  positions counsel for the other parties take, and
>
> (iv)   what dates are of significance . . ..

Trustmark has not complied with the requirement to make an effort to work out the problem, with counsel other parties. Indeed Trustmark has made no effort at all to work out the problem, provided no notice to BGH of any objection to schedule or the substance of the deposition. Thus, it could not aver to any facts showing what efforts had been made. Trustmark has known for some time this deposition would be noticed and knew from phone calls on the date it was scheduled. *See* Affidavit of Cynthia L. Ducey. No objection was made to the date until this

Bethel Group Home, Inc.'s Opposition to Motion To Quash
Page 7 of 20
Virtue v. Bethel Group Home, et al.
Case No. F05-0021 CV (RRB)

motion was filed. Until Trustmark complies with rule 7.2(c)(A)(ii)(iii), to make an effort to work things out cooperatively and/or advise the court of Bethel Group Home's position the Court should deny Trustmark's motion. Requiring compliance with the requirements of the rules may obviate the need for motion practice.

## IV.   Trustmark Has Failed To Demonstrate It Is Entitled To Relief

### A.   The Documents Sought In The 30(b)(6) Subpoena are Relevant

BGH has the right to "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Relevant information for purposes of discovery is information "reasonably calculated to lead to the discovery of admissible evidence." *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir.1992). Trustmark as the moving party seeking to quash the subpoena duces tecum has the burden of establishing that the sought after materials are not discoverable. *See* D. Ak. LR 7.1(a)(2). "Failure to include proper materials in support of . . . a motion as required by this rule subjects the motion to summary ruling by the court. . . . If the failure is by the moving party, it may deemed an admission that the motion is without merit[.]" D. Ak. LR 7.1(d).[1] Trustmark has made no factual or legal showing that the materials sought in the 30(b)(6) deposition are privileged or not reasonably calculated to lead to the discovery of admissible evidence. *See* Motion To Quash at 1-

---

[1] *See also Nilsson, Robbins, Dalgarn, Berlinier, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1548 (9th Cir. 1988) ("If a brief fails to contain the contentions of the [plaintiff] with respect to the views presented, and fails to contain citations to authorities, statutes and the record, the issue is waived."); *Intertrust Technologies Corp. v. Microsoft Corp.*, 275 F. Supp. 2d 1031, 1051 (N.D. Cal. 2003) ("As far as the Court is concerned, the persuasiveness of an argument . . . is in direct proportion to the authorities on which it is premised. Necessarily this means that an argument that lacks appropriate supporting citations is no argument at all. Thus, Microsoft cannot be heard to complain that the Court has not adequately considered its arguments where these arguments are insufficiently supported by citations to evidentiary and/or legal authorities.").

Bethel Group Home, Inc.'s Opposition to Motion To Quash
Page 8 of 20
Virtue v. Bethel Group Home, et al.
Case No. F05-0021 CV (RRB)

7. But, the relevance of the information sought through the 30(b)(6) deposition is of paramount importance to BGH. *See* Fed. R. Evid. 401.

BGH seeks production of, and to depose Trustmark's 30(b)(6) representative regarding, among other things, all materials received from BGH on behalf of Melissa Virtue; documents stating when Melissa Virtue was eligible for health insurance coverage through her employment at BGH; all written correspondence and records of verbal correspondence by Melissa Virtue to Trustmark/Starmark and from Trustmark/Starmark to Melissa Virtue; a copy of all of the health insurance materials related to Virtue and BGH; records for any telephone calls to or from Melissa Virtue or Bethel Group Home on Behalf of Melissa Virtue or any note, message, memorandum memorializing such calls; etc.; the identity of the Trustmark/Starmark employee that received any telephone call from Melissa Virtue and the substance of the calls, policies procedures, guideline memos or handbooks regarding underwriting and enrollment procedures, pre-existing conditions incomplete or inaccurate applications. *See* BGH's 30(b)(6) Notice at 4-5. This and the other information BGH seeks is directly relevant to determine what exactly happened with the processing of Virtue's health insurance application, which is one of the critical facts at issue in the case. *See* Fed. R. Evid. 401. BGH is therefore entitled to these documents and to depose Trustmark's 30(b)(6) representative(s) regarding the information requested in BGH's Notice. Because the information is discoverable and Trustmark has failed to demonstrate that the materials are not discoverable, the Court should deny Trustmark's motion to quash.

### B. The Prior 30(b)(6) Deposition Is Inadequate And Incomplete

Trustmark argues that the Court should grant its motion to quash the subpoena duces tecum because there was a previous limited 30(b)(6) deposition. *See* Motion to Quash at 3-6. Trustmark's argument is not persuasive.

Bethel Group Home, Inc.'s Opposition to Motion To Quash
Page 9 of 20
Virtue v. Bethel Group Home, et al.
Case No. F05-0021 CV (RRB)

The prior 30(b)(6) deposition of Trustmark was by Trustmark's admission at the time inadequate and incomplete. BGH has never taken Trustmark's 30(b)(6) deposition in the federal court case. (Irrespective of BGH's right to take a 30(b)(6) deposition, BGH has the right to receive documents from Trustmark as a party under Civil Rule 34, and to take Trustmark's deposition as party in the federal court case. Trustmark also should have produced all of the documents BGH is currently requesting in its initial disclosures, but has failed to do so, particularly since it failed to produce those requested documents at the January, 2005 deposition. *See* Fed. R. Civ. P. 26(a)). BGH took a 30(b)(6) deposition of Bernadine Wendell on January 4, 2005, in the Alaska state court action involving Virtue and BGH. *See* Exh. B at 1 (Wendell Deposition) (attached to Trustmark's Motion). This deposition took place before Trustmark was a party to the case, which occurred on August 10, 2005, and before the state and federal cases had been bifurcated. Prior to the January 4, 2005 deposition, Trustmark represented that it did not have any materials that were responsive to the request. Then, on the eve of the deposition, for the first time Trustmark admitted it had found some information and agreed to allow the deposition to proceed. *See* Exh. B at [Tr. 7:24-10:10].

It is important to recognize that prior to taking this deposition, all participants recognized that this would not be the only 30(b)(6) deposition taken of Trustmark and that BGH would be able to complete the deposition at a later time. *See* Affidavit of Counsel. In fact, during the deposition, Mr. McDaniel, counsel for Trustmark, stated that he would make individuals such as Penny Gregory who were more knowledgeable about certain topics to be designated and made available for future depositions. *See id.* at Tr. [42:17-43:2, 104:2-15]. Now, for Trustmark to claim that BGH is not entitled to continue the 30(b)(6) deposition after stating further depositions could take place, is outrageous.

Bethel Group Home, Inc.'s Opposition to Motion To Quash
Page 10 of 20
Virtue v. Bethel Group Home, et al.
Case No. F05-0021 CV (RRB)

The need for a supplemental and more comprehensive 30(b)(6) deposition was made evident throughout the deposition of Ms. Wendell. *See* Exh. B at Tr. [1-108]. Despite being required to produce a corporate representative that was knowledgeable about the issues raised in the notice and the case, *see* Fed. R. Civ. P. 30(b)(6), Trustmark only produced Ms. Wendell, and she lacked knowledge about numerous topics. *See id.* For example, Ms. Wendell did not know how claims were handled under the policy, *see* Exh. B at Tr. [48:1-3] (attached to Trustmark's motion), and stated that Penny Gregory would be the corporate representative who would possess such information, *see id.* at Tr. [48:4-9]. But, Trustmark did not produce Ms. Gregory at the 30(b)(6) deposition in January 2005, or documents sought in the notice. See Exhibit A, January, 2005 deposition notice, attached to Trustmark's motion to quash.

Ms. Wendell was asked if she could testify regarding the terms, conditions, and benefits of Melissa Virtue's health insurance coverage regarding a possible preexisting condition, and Ms. Wendell had no knowledge regarding Trustmark's policies regarding this matter. *See id.* at Tr. [53:15-18]. Neither was Ms. Wendell able to testify regarding Trustmark's claim handling procedures for receipt, processing and determination of claims for health benefits by BGH employees and any impact preexisting conditions would affect how the claim would be handled. *See id.* at Tr. [53:15-18]. Ms. Wendell was also ignorant regarding where or how Trustmark kept records of copies of correspondence from Virtue and BGH. *See id.* at Tr. [41:20-42:5]. Ms. Wendell could not even testify who BGH might be able contact in the Trustmark organization to obtain the information. *See id.* at Tr. [42:9-15]. Ms. Wendell had no knowledge regarding and had not even researched the benefit or claims departments for records regarding Virtue, as that was beyond her authority. *See id.* at Tr. [43:5-11]. Ms. Wendell could not answer any questions regarding how timely or late enrollees impact the determination of a claim or application as it

Bethel Group Home, Inc.'s Opposition to Motion To Quash
Page 11 of 20
Virtue v. Bethel Group Home, et al.
Case No. F05-0021 CV (RRB)

relates to preexisting conditions. *See id.* at Tr. [53:1-18]. Ms. Wendell did not know with certainty how premiums for BGH were calculated and the specific basis for that calculation. *See id.* at Tr. [78:3-79:9]. Ms. Wendell did know who was responsible for making marks on form SM 46761E. *See id.* at Tr. [25:14-18]. Ms. Wendell did not know who made handwritten notations on other documents in Trustmark's possession. *See id.* at Tr. [35:11-15, 36:5:11]. Ms. Wendell was not qualified to testify regarding what medical conditions would constitute a preexisting condition under Trustmark's policy. *See id.* at Tr. [72:24-73:3]. Ms. Wendell could not testify regarding how often Trustmark receives an application where an applicant fills out the application requesting coverage and one of the waiver boxes is also checked. *See id.* at Tr. [73:23-74:8]. All of these topics were within the scope of the notice and documents relating to the topics had been requested, but not produced. Both Mr. McDaniel and Mr. Earnhart indicated willingness to accept service and reschedule the completion of the 30(b)(6) deposition. No opposition or objection was heard until the motion to quash was filed. See affidavits of Ringsmuth and Ducey, attached.

In sum, Trustmark's argument that BGH is not entitled to depose Trustmark's 30(b)(6) representatives, even though the parties had previously agreed to further 30(b)(6) depositions and Trustmark's prior 30(b)(6) representative was ignorant about numerous topics that she was brought to testify on, must be rejected.

### C. Trustmark Has Had Reasonable Notice

Trustmark argues that the Court should grant its motion to quash because the subpoena gives Trustmark's local Alaska counsel an insufficient time to respond. *See* Motion to Quash at 4. Trustmark's argument is not persuasive.

Under Federal Rule of Civil Procedure 45(c)(2)-(3), a party is required to provide a party with reasonable notice, which is at least 14 days. Trustmark was been on notice of the need to

Bethel Group Home, Inc.'s Opposition to Motion To Quash
Page 12 of 20
Virtue v. Bethel Group Home, et al.
Case No. F05-0021 CV (RRB)

produce the documents since January 2005. Trustmark was most recently formally notified of the continuation of the 30(b)(6) deposition on May 17, 2006, over 14 days before the deposition was to take place. *See* Exh. C (Notice of Deposition) (attached to Motion to Quash). Trustmark's local Alaska counsel has been previously notified by BGH's counsel over the telephone that discovery closed in the state case on June 1, 2006, and that BGH was planning on taking a more complete 30(b)(6) deposition of Trustmark before the close of discovery in the state case. *See* Affidavit of Cynthia L. Ducey (the difference in understanding of the close of discovery of one day is not significant.)

Trustmark's local Alaska counsel does not state that he has any pending legal matters before any court that were previously scheduled that present a conflict with the deposition; nor does he state that he has any family emergency. *See id.* He has not established why moving offices "effective May 31" prevents him from appearing at the deposition. Presumably by the time he leaves administrative staff will accomplish the physical move and Mr. Earnhart can simply come to his new office. No explanation is given why he cannot conduct business on that day. The deposition will not take all day. He has not moved for a protective order to prevent the deposition in the state case on the substantive deposition notice. Travel is not necessary and the deposition is set for one business day after the holiday. There has been no showing that Trustmark, as opposed to Trustmark's local Alaska counsel, has insufficient time to respond to the deposition. *See id.* As BGH's counsel will be participating telephonically at the deposition, it would not seem that Trustmark's local counsel could also participate telephonically, and documents could be mailed or express mailed. BGH will agree to pay for expedited delivery of documents to Trustmark's attorney. Moreover, given that Trustmark has been aware since January 2005 of the need to supplement and completely respond to BGH's prior 30(b)(6) notice including request for

Bethel Group Home, Inc.'s Opposition to Motion To Quash
Page 13 of 20
Virtue v. Bethel Group Home, et al.
Case No. F05-0021 CV (RRB)

documents, surely a year and half is ample time to prepare for the continuation of the 30(b)(6) deposition. Because Trustmark has had a reasonable time to respond to the deposition notice, and that is all that the Civil Rules require, *see* Fed. R. Evid. 45(c)(3)(A)(i), and Trustmark has not articulated nor demonstrated any cognizable legal or factual reason that the time is insufficient, the Court should deny Trustmark's motion to quash.

### D.     The Subpoena Does Not Subject Trustmark To An Undue Burden

Trustmark argues that the Court should grant its motion to quash the subpoena because it subjects Trustmark to an undue burden as it has already provided certain information. *See* Motion to Quash at 5-6. Trustmark's argument is not persuasive.

BGH has submitted a more comprehensive 30(b)(6) deposition notice on May 17, 2006, than it did for the January 4, 2005 deposition. For example, the in the January 2005 Notice BGH sought eight documents:

> 1.     Complete copy of the group health insurance policy (policies) or certificates of insurance issued under Starmark group number SM 46761E, to employees of Bethel Group Home, Inc., of Bethel, Alaska, which was in effect between January through June 2002.
>
> 2.     Complete and true copies of Starmark records, reflecting chronological entries of apparent attempted enrollment activity on behalf of BGH employee Melissa Virtue under this policy number in May-June 2002.
>
> 3.     True and complete copies of notations on a "Special enrollee form" bearing the code "TMR date 06/14/2002 VCN: 216501491001" and a "Group premium – fast file" form bearing the code "TMR date 06/14/2002 VCN:216501491001" faxed from Attorney Steve McDaniel to Attorney Jim Valcarce on November 1, 2004.
>
> 4.     All documents that may identity the Starmark employees, whose identifiers appear to be "YJ5" and "JKA", who are referenced on the May – June 2002 chronological entries.

Bethel Group Home, Inc.'s Opposition to Motion To Quash
Page 14 of 20
Virtue v. Bethel Group Home, et al.
Case No. F05-0021 CV (RRB)

> 5. Guidelines, Procedures, policies, memos, and handbooks that explain Starmark's underwriting and enrollment procedures under policy number SM 46761E; including new enrollee processing time, effective date of coverage, pre-existing condition limitations, and procedures relating to certificates of prior creditable coverage.
>
> 6. Procedures, Policies, guidelines or memos regarding pre-existing conditions and coverages to be retroactively granted on what constitutes a pre-existing condition and how such claims are evaluated and processed.
>
> 7. All documents mentioning "Melissa A. Virtue; SSN 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; dob: 11/15/72" in the possession of Trustmark/Starmark insurance.
>
> 8. Documents that identify specific Starmark claims administration office and personnel who would have processed claims under certificates of insurance identified in item #1, above.

*See* Exh. A (attached to Motion to Quash). Trustmark failed to produce documents responsive to items 5 and 6 guidelines, procedures, etc.

In the May 2006 Notice, BGH sought 18 documents:

> 1. All materials received from Bethel Group Home on behalf of Melissa Virtue;
>
> 2. Documents stating when Melissa Virtue was eligible for health insurance coverage through her employment at Bethel Group Home;
>
> 3. All written correspondence and records of verbal correspondence by Melissa Virtue to Trustmark/Starmark and from Trustmark/Starmark to Melissa Virtue;
>
> 4. Any claims made by Virtue for coverage under the policy;
>
> 5. Any applications for insurance submitted by Melissa Virtue;
>
> 6. Any materials addressing the terms, conditions, and benefits of Melissa Virtue's health insurance coverage;
>
> 7. For the time period 1/1/02 – 12/31/02 Trustmark/Starmark's Claim Handling Procedures or procedures for receipt, processing and

Bethel Group Home, Inc.'s Opposition to Motion To Quash
Page 15 of 20
Virtue v. Bethel Group Home, et al.
Case No. F05-0021 CV (RRB)

      determination of claims for health benefits made by employees of Bethel Group Home under the Group Health policy;

8. Trustmark/Starmark's Phone Records for any telephone calls to or from Melissa Virtue or Bethel Group Home on Behalf of Melissa Virtue or any note, message, memorandum memorializing such calls;

9. The identity of the Trustmark/Starmark employee that received any telephone call from Melissa Virtue and the substance of the calls;

10. All documents received by Trustmark/Starmark from Mark Regan and/or Alaska Legal Services on Melissa Virtue's behalf and any response to those documents or record of those documents by Trustmark/Starmark, including but not limited to Attachment B and C, affixed hereto;

11. Materials demonstrating Trustmark's Starmark's profitability for the time period 2000-2002;

12. Procedures or policies for handling health insurance applications that are incomplete or completed incorrectly, that check some but not all boxes in the waiver of coverage section or that completely waive coverage, and where the application for waiver of coverage is ambiguous, incomplete in any respect, or unclear;

13. How to look up an employer's group number on Trustmark/Starmark's computers or in their paper filing system in 2002;

14. Complete and true copies of Trustmark/Starmark records, reflecting chronological entries of apparent attempted enrollment activity on behalf of BGH employee Melissa Virtue under this policy number in May-June 2002;

15. Guidelines, Procedures, policies, memos, and handbooks that explain Trustmark/Starmark's underwriting and enrollment procedures under policy number SM 46761E; including new enrollee processing time, effective date of coverage, pre-existing condition limitations, and procedures relating to certificates of prior creditable coverage;

16. Procedures, Policies, guidelines or memos regarding pre-existing conditions and coverage to be retroactively granted on what constitutes a pre-existing condition and how such claims are evaluated and processed;

17. Documents that identify specific Starmark claims administration office and personnel who would have processed claims submitted by employees of Bethel Group Home; and

Bethel Group Home, Inc.'s Opposition to Motion To Quash
Page 16 of 20
Virtue v. Bethel Group Home, et al.
Case No. F05-0021 CV (RRB)

>    18.    Authentication of a true copy of the group health insurance policy (policies) or certificates of insurance issued under Starmark group number SM 46761E, to employees of Bethel Group Home, Inc., of Bethel, Alaska, which was in effect between January through June 2002.

*See* Exh. C at 4-5 (attached to Motion to Quash).

The moving party has the burden of proof to demonstrate "that compliance with the subpoena would be 'unreasonable and oppressive.' *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). As previously explained, *see* supra Section IV.B, Trustmark did not comply with the January 2005, 30(b)(6) deposition because it failed to produce a representative that was able to testify knowledgeably and completely regarding the topics that were noticed by BGH and failed to produce documents responsive to items 5 and 6. Thus, contrary to Trustmark's argument, BGH is not seeking to depose a second Trustmark 30(b)(6) representative on identical topics. *See* Motion to Quash at 5. In its May 2006 deposition, BGH is continuing the January 2005 deposition with an individual who will be able to produce documents and testify completely and knowledgeably about the topics BGH had previously noticed, and documents requested but not produced in 2005, as well as various additional topics. Since Bernadine Wendell was not able to completely and accurately respond to BGH's prior 30(b)(6) notice, BGH seeks to depose a Trustmark representative who is able to testify regarding all of the topics notice in the January 2005 notice, as well as the May 2006 notice. BGH has the right to obtain this information. Moreover, as BGH's May 2006 notice is more comprehensive that the January 2005 notice, is brought against an actual party (i.e., Trustmark), in a different case (i.e., a federal court case that involves different claims than the state case), the May 2006 notice should not be quashed.

In regards to the documents that are to be produced, BGH has reason to question whether Trustmark has produced all of the documents sought. As previously explained, prior to the

Bethel Group Home, Inc.'s Opposition to Motion To Quash
Page 17 of 20
Virtue v. Bethel Group Home, et al.
Case No. F05-0021 CV (RRB)

January 2005 deposition, Trustmark informed BGH that it did not have documents responsive to the request. Then on the day of the deposition, Trustmark suddenly "found" certain documents served hours before it commenced. *See* Exh. B at [Tr. 7:24-10:10] (Wendell Deposition). Assuming a large corporation sometimes does not discover all documents responsive to lawyer's requests on the first or even second pass and given the history in this case, such a request is not unreasonable. Now, once again, Trustmark asserts that it has already produced all of the requested documents from the prior January 2005 notice. *See* Motion to Quash at 5 (citing Requests 1, 2, 3, 4, 5, 6, 10, 12, and 14). Trustmark disagrees that any items responsive to 5 and 6 are produced. However, given that Ms. Wendell lacked knowledge regarding where or how Trustmark kept records of copies of correspondence from Virtue and BGH, *see* Exh. B at Tr. [41:20-42:5] (attached to Motion to Quash), could not even testify who BGH might be able contact in the Trustmark organization to obtain the information, *see id.* at Tr. [42:9-15], and had no knowledge regarding and had not even researched the benefit or claims departments for records regarding Virtue, as that was beyond her authority, *see id.* at Tr. [43:5-11], BGH cannot be certain if Trustmark has produced all of the previously requested information. BGH does not seek duplicative documents and the documents do not have to be reproduced, if in fact, Trustmark has already produced all of the documents and so certifies. Arrangements can be made to have previous exhibits available for the designee. However, as BGH has requested various documents that were not previously requested or provided (i.e., phone logs, policy and procedures manuals, claims handling manuals, etc.), there is no reason to deny BGH its due process right to discovery.

### E.   BGH Does Not Seek Trade Secrets

Trustmark finally argues that the Court should grant its motion to quash because BGH seeks its trade secrets. *See* Motion To Quash at 6. BGH does not seek Trustmark's trade secrets.

Bethel Group Home, Inc.'s Opposition to Motion To Quash
Page 18 of 20
Virtue v. Bethel Group Home, et al.
Case No. F05-0021 CV (RRB)

*See* Exh. C at 8 (30(b)(6) Notice) (attached to Motion to Quash). BGH requested in Item No. 11 "Materials demonstrating Trustmark's/Starmark's profitability for the time period 2000-2002." Exh C at 8 (attached to Motion to Quash). BGH believes that this material is relevant and discoverable to indirectly establish Trustmark's possible financial motive for failing to properly and timely process Virtue's application. *See* Fed. R. Civ. P. 26(b)(1). In any event, as there are other ways to establish this point, and to assist in moving the 30(b)(6) deposition forward, BGH hereby withdraws its request in Item No. 11.

## CONCLUSION

For the reasons explained above, the Court should deny Trustmark's motion to quash because: (1) Trustmark has not complied with the local rules; (2) Trustmark has failed to demonstrate that it is entitled to relief; (3) the information sought in the 30(b)(6) deposition is relevant; (4) the prior 30(b)(6) deposition was inadequate, incomplete and covered different topics; (5) Trustmark has had reasonable notice; (6) Trustmark is not subjected to an undue burden; (7) BGH does not seek trade secrets; and (8) BGH will be severely prejudiced if the Court grants the motion.

DATED this 23rd day of May, 2006.

DELANEY WILES, INC.
Attorneys for Bethel Group Home

/s/ Cynthia L. Ducey #8310161

Bethel Group Home, Inc.'s Opposition to Motion To Quash
Page 19 of 20
Virtue v. Bethel Group Home, et al.
Case No. F05-0021 CV (RRB)

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2006, a copy of the foregoing was served electronically on:

Jim J. Valcarce, Esq.
Cook, Roosa and Valcarce LLC
Box 409
Bethel, AK 99559-0409
(Attorneys for Plaintiff)

Margaret Simonian, Esq.
Friedman, Rubin & White
1227 W. 9th Ave., 2nd Floor
Anchorage, AK 99501-3218
(Attorneys for Plaintiff)

Richard Friedman, Esq.
Friedman, Rubin & White
1126 Highland Avenue
Bremerton, WA 98337-3218
(Attorneys for Plaintiff)

William Earnhart, Esq.
Lane Powell, LLC
301 West Northern Lights Blvd. Suite 301
Anchorage, AK 99503-2648
(Attorneys for Third Party Defendants)

/S/ Cynthia L. Ducey

117318

Bethel Group Home, Inc.'s Opposition to Motion To Quash
Page 20 of 20
Virtue v. Bethel Group Home, et al.
Case No. F05-0021 CV (RRB)