William A. Earnhart, ASBA No. 9411099
LANE POWELL LLC
301 West Northern Lights Blvd., Ste 301
Anchorage, Alaska 99503-2648
Telephone: 907.277.9511
Facsimile: 907.276.2631
earnhartw@lanepowell.com
Attorneys for Third Party Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

MELISSA VIRTUE,

Plaintiff,

v.

BETHEL GROUP HOME, INC.,

Defendant.

BETHEL GROUP HOME, INC.,

Third Party Plaintiff,

v.

TRUSTMARK INSURANCE COMPANY; TRUSTMARK LIFE INSURANCE COMPANY; EMPLOYEE WELFARE BENEFIT PLAN SM46761e0001 (The Plan); AND STARMARKETING AND ADMINISTRATION, INC.,

Third Party Defendants.

**Case No. F05-021 CI (RRB)**

**REPLY TO OPPOSITION TO MOTION TO QUASH SUBPOENA**

Third-Party Defendants are moving to quash a subpoena in a *federal* action. The only argument Bethel Group Home has given as to why the deposition must take place now rather than in mid-June or another date mutually agreeable to the parties is that it will be prejudiced in the *state* court action. It is not Trustmark/Starmark's fault that Bethel Group Home has put off making discovery in the state court case.

Trustmark/Starmark is perfectly agreeable to making fact witnesses available and all documents available and 30(b)(6) witnesses available on topics that were **not already addressed** in the deposition of Bernadette Wendell at any mutually agreeable time. Less than two weeks, however, is not adequate notice for this deposition to go forward, especially at this time.

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

**A. <u>Trustmark has substantively complied with Local Rule 7.2(c)</u>.**

Local Rule 7.2(c) only addresses a motion on shortened time and does not address the underlying issue of the scope and timing of the subpoena. In any case, the fact that a deposition is scheduled in the State of Illinois in less than 14 days is self-explanatory for the need for shortened time which this court has already granted.

**B. <u>Defendants Trustmark/Starmark Primarily Agree As To The Relevance of The Request</u>.**

The fact that Bethel Group Home's requests are largely relevant, (with the sole exception of profit information), ignores the question of whether the subpoena is proper on short notice and whether it is unduly burdensome. Trustmark and Starmark have already provided documents and a 30(b)(6) witness in regard to the scope of plaintiff's request. Bethel Group Home offers no reason as to why it is entitled to multiple depositions on the same topic or that it should set the schedule on shorter notice without consultation with counsel.

Of interest is the fact that Bethel Group Home argues that Ms. Wendell was not capable as to speaking to *claims* or *benefits* policies in her deposition. *See* BGH's opposition at Pages 10-11; *see also* Deposition of B. Wendell, Exhibit B, Depo Tr. At 42, 43, 48 and 53. Again, BGH is employing a slight of hand. In this particular case, a policy was never issued in regard to Ms. Virtue. Ms. Virtue's claims against BGH and BGH's claims against Trustmark all revolve around the fact that her application was never accepted nor, arguably, not followed up on. Trustmark and Starmark will make Ms. Gregory available, (assuming she is still with the Company), as a fact witness and even a 30(b)(6) witness in regard to claims, however, to argue that this information is particularly relevant to the dispute is misleading.

**C. <u>Fourteen days Is Not Adequate Notice</u>.**

Neither Alaska counsel for Trustmark or general counsel are available on such short notice to identify the 30(b)(6) witnesses, prepare these witnesses, and have them available to defend a deposition in Illinois on 14 days' notice. *See* Affidavit of William A. Earnhart attached. Counsel is perfectly willing to schedule these depositions within the month of June 2006 or another mutually

agreeable date with advance warning so schedules can be coordinated. *See* e.g. *C&F Packing Co., Inc. v. Doskocit, Inc.*, 126 FRD 662, (Dist. Ill 1989)

**D. Additional 30(b)(6) Deposition Regarding Most of These Topics Would Be Unduly Burdensome As It Subjects Trustmark/Starmark To Two Depositions On The Same Issue.**

As identified in Trustmark/Starmark's original motion to quash, it has no objection to providing a 30(b)(6) witness on topics not already the subject of the 2004 deposition notice.

It is, however, inherently unfair for Bethel Group Home to depose a Trustmark 30(b)(6) representative twice on the same subjects. See Fed. R.C.P. 30(a)(2)(B) (leave of court required for multiple depositions of same party.) The scope of the notice must be narrowed, something the parties can likely work out given enough lead time.

**E. Profitability of Trustmark/Starmark Irrelevant.**

The only argument forwarded by Bethel Group Home as to why it should receive information regarding the profitability of Trustmark and Starmark is that somehow they had a "financial motive" in denying coverage to Ms. Virtue. This argument makes no sense. Obviously, Trustmark/Starmark has a financial motive in signing up more subscribers to policies as it receives more premium, also, obviously, Trustmak/Starmark has an interest in not signing up subscribers who will have care that costs more than it receives in premium. The profitability of the company at any given point, however, has no bearing on either of these issues.

**CONCLUSION**

In the end, BGH has simply argued that on two weeks' notice, without consultation with opposing parties, a redundant 30(B)(6) deposition should take place because it is necessary for BGH to conform with the deadlines in a separate state court case. BGH has offered no excuse as to why it did not ask to take these depositions earlier or address these issues – the lack of a subpoena in the state case has not impeded noticing this deposition. BGH has offered no reason why it is entitled to depose a witness regarding the same topics on two separate occasions. Nor has BGH offered any

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

reason why these depositions could not go forward in the federal case later in June or at some other mutually agreeable time.

DATED this 24th day of May, 2006.

LANE POWELL LLC
Attorneys for Third Party Defendants

By /s/ William A. Earnhart
William A. Earnhart
LANE POWELL LLC
301 West Northern Lights Blvd. Suite 301
Anchorage, Alaska 99503-2648
Telephone: 907.277.9511
Facsimile: 907.276.2631
earnhartw@lanepowell.com
ASBA No. 9411099

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

**CERTIFICATE OF SERVICE**
I certify that on May 24, 2006, a copy of the foregoing was served electronically on:

COOKE, ROOSA AND VALCARCE LLC
Box 409
Bethel, AK 99559-0409
(Attorneys for Plaintiff)

Margaret Simonian, Esq.
FRIEDMAN, RUBIN & WHITE
1227 W. 9th Ave., 2nd Floor
Anchorage, AK 99501-3218
(Attorneys for Plaintiff)

Richard Friedman, Esq.
FRIEDMAN, RUBIN & WHITE
1126 Highland Avenue
Bremerton, WA 98337-3218
(Attorneys for Plaintiff)

Cynthia L. Ducey, Esq.
DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC.
1007 W. 3rd Ave., Ste 400
Anchorage, AK 99501-1936
(Attorneys for Defendant/Third Party Plaintiff)

/s/ William A. Earnhart

117951.0003/155248.1