IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MELISSA VIRTUE,<br><br>         Plaintiff,<br><br>vs.<br><br>BETHEL GROUP HOME, INC.,<br><br>         Defendant.<br>_____<br><br>BETHEL GROUP HOME, INC.,<br><br>         Third-Party<br>         Plaintiff,<br><br>vs.<br><br>TRUSTMARK INSURANCE COMPANY;<br>TRUSTMARK LIFE INSURANCE<br>COMPANY; EMPLOYEE WELFARE<br>BENEFIT PLAN SM46761e0001 (The<br>Plan); and STARMARKETING AND<br>ADMINISTRATION, INC.,<br><br>         Third-Party<br>         Defendants. | Case No. F05-0021 CV (RRB)<br><br><br><br><br>**ORDER GRANTING THIRD-PARTY<br>DEFENDANTS' MOTION TO QUASH<br>SUBPOENA** |

**I. Introduction**

       Before the Court are Third-Party Defendants Trustmark Insurance Company, <u>et al.</u> ("Defendants") with a Motion to Quash

Subpoena (Docket No. 29). Defendants request the Court quash a subpoena for a records deposition, dated May 17, 2006, because: (1) it is noticed to take place in Illinois <u>fewer than eight business days from the date of notice</u>; (2) defense counsel is not available on that date; and (3) Defendants cannot collect all of the information requested by Third-Party Plaintiff Bethel Group Home, Inc. ("Plaintiff") in such a short period of time.[1] Plaintiff opposes at Docket No. 32, and Defendants reply to the opposition is filed at Docket No. 35.

## II. Discussion/Conclusion

To begin, the Court notes Plaintiff has withdrawn her discovery request in Item No. 11, which request <u>may</u> have sought confidential commercial information and/or trade secrets.[2] Notwithstanding, because: (1) "counsel is entitled, when possible, to a date which does not conflict with other obligations and to an opportunity to prepare for the deposition"[3]; and (2) it is clear that the parties did <u>not</u> have a meeting of the minds prior to the scheduling of the May 31, 2006, records deposition, Defendants' Motion to Quash Subpoena (Docket No. 29) is hereby **GRANTED**. No deposition of Defendants will take place on May 31, 2006.

---

[1] Clerk's Docket No. 29 at 1.

[2] Clerk's Docket No. 32 at 19-20.

[3] <u>C & F Packing Co., Inc. v. Doskocil Companies, Inc.</u>, 126 F.R.D. 662, 679 (N.D. Ill. 1989).

The parties are further directed to confer and determine a mutually convenient time to conduct the records deposition at issue. If the parties cannot agree upon a time that is mutually agreeable for the same, either of the parties may file a motion with the Court.

ENTERED this 26th day of May, 2006.


 /s/  RALPH R. BEISTLINE
RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE