Cynthia L. Ducey
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska 99501
(907) 279-3581
(907) 277-1331 fax
cld@delaneywiles.com

Attorneys for Bethel Group Home, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MELISSA VIRTUE,<br><br>   Plaintiff,<br><br>vs.<br><br>BETHEL GROUP HOME, INC.,<br><br>   Defendant.<br>_____<br><br>BETHEL GROUP HOME, INC.,<br><br>   Third Party<br>   Plaintiff,<br><br>vs.<br><br>TRUSTMARK GROUP HEALTH BENEFITS PLAN, through TRUSTMARK INSURANCE CO., plan underwriter and insurer, and STARMARKETING AND ADMINISTRATION, INC., aka STARMARK, d/b/a Plan Sponsor/ Administrator,<br><br>   Third Party<br>   Defendants.<br>_____ | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**BETHEL GROUP HOME, INC.'S OPPOSITION TO MOTION TO COMPEL**<br><br><br><br><br>Case No. F05-0021 CV (RRB) |

Bethel Group Home, Inc. ("BGH"), by and through their attorneys, Delaney Wiles, Inc., opposes the motion to compel filed by Third-Party Defendant Trustmark Insurance Company ("Trustmark"). Trustmark has moved to compel BGH "to make company officer Ken Alexander available for deposition." Motion to Compel at 2. BGH opposes this motion on three grounds: (1) Trustmark's counsel knows that BGH is not and has not asserted an attorney-client privilege on Alexander's behalf and the citations in the initial disclosures and preliminary witness list of Alexander "c/o Delaney Wiles, Inc., 1007 W. Third Avenue, Suite 400, Anchorage, Alaska 99501," was an error; (2) Alexander was not a company officer and was a temporary employee of BGH who was terminated from BGH four years ago; and (3) there is no legal basis to require BGH to produce Alexander.

As a predicate matter, BGH has done everything that it is required to do under the discovery rules in the Federal Rules of Civil Procedure. *See, e.g.*, Fed. R. Civ. P. 26. BGH disclosed Ken Alexander as a potential witness in its initial disclosures dated March 30, 2006, and preliminary witness list dated April 28, 2006. Exh. A at 2 (Preliminary Witness List) (attached to Motion); Exh. B at 2 (U.S.D.C. Initial Disclosures) (attached to Motion). BGH did not expressly assert any privilege for Alexander in any of these documents, which is what the Civil Rules requires for any privilege to be effective. *See* Fed. R. Civ. P. 26(b)(5) (stating that claims of privilege must be made "expressly"). The sole basis for Trustmark's motion is its legally and factually unsupported assertion that BGH has "to make company officer Ken Alexander available for deposition." Motion to Compel at 2. As explained below BGH is not required to make Ken Alexander available for deposition BGH because Alexander is not currently and never was a company officer of BGH.

DELANEY WILES, INC.
SUITE 400
1007 WEST 3rd AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Bethel Group Home, Inc.'s
Opposition to Motion to Compel
Page 2 of 10
Virtue v. Bethel Group Home, et al.
Case No. F05-0021 CV (RRB)

First, as Trustmark is aware, BGH is not asserting any attorney-client privilege on Alexander's behalf. In the state court proceedings, Judge Curda expressly ruled that BGH could not assert any privilege on Alexander's behalf. Exh. A at 4 (Order Dated December 23, 2004). BGH did not expressly assert any attorney-client privilege in its initial disclosures dated March 30, 2006, or preliminary witness list dated April 28, 2006. Exh. A at 2 (Preliminary Witness) (attached to Motion); Exh. B at 2 (U.S.D.C. Initial Disclosures) (attached to Motion). This is contrasted with other individuals, such as Paul Janowiec, where BGH expressly asserted the attorney-client privilege. *See* Exh. B at 6 (U.S.D.C. Initial Disclosures). After listing Alexander, BGH simply made an error in its disclosures and witness list in describing his location as "c/o Delaney Wiles, Inc., 1007 W. Third Avenue, Suite 400, Anchorage, Alaska 99501." Exh. A at 2 (attached to Motion); Exh. B at 2 (attached to Motion). The reason for this error was BGH had simply modified its initial disclosures from the state court proceedings and did not realize Alexander was still listed as "care of" BGH's counsel in its federal court documents.

However, BGH's counsel had previously informed Trustmark's counsel on several occasions that BGH was not asserting any attorney-client privilege on Alexander's behalf in the federal court proceedings. Exh. C (Affidavit of Counsel). BGH's counsel informed Trustmark's counsel that Alexander was no longer an employee of BGH and that Alexander had been incarcerated.[1] *Id.* Trustmark's counsel also knew Alexander was indicted in state court for stealing from BGH. *Id.* Trustmark's counsel also knew this information by attending Melissa

---

[1] Alexander was subsequently released from prison. BGH does not know Alexander's current physical location. Exh. C at ¶ 4 n.1. BGH's counsel learned very recently, i.e. in the last several weeks, that he was released from prison and his phone number is (907) 727-6914. Under Civil Rule 26(e), BGH was in the process of supplementing its disclosures with this information, which it is required to do at "appropriate intervals." *Id.* Mr. Earnhart filed his motion first.

Bethel Group Home, Inc.'s
Opposition to Motion to Compel
Page 3 of 10
Virtue v. Bethel Group Home, et al.
Case No. F05-0021 CV (RRB)

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Virtue's deposition where she testified about Alexander's criminal conviction. Exh. D at Tr. [252:22-253:8] (Virtue Deposition).

Moreover, Trustmark should have known there was no privilege being asserted because BGH provided Trustmark with all of the pleadings in the state court case, including Judge Curda's order. Exh. C (Affidavit of Counsel). Trustmark received Judge Curda's order and all other state court pleadings when the files were sent to Alaska Legal Copy on 8/19/05 to copy for Trustmark's attorney. *See* Affidavit of Cynthia Ducey, attached. Trustmark then filed the state court documents, including Judge Curda's order, with this Court following the removal of this case by Trustmark. Exh. E at 6 (Trustmark's Notice of Filing State Court Record, referencing Judge Curda's Order at Item 41).

Trustmark's counsel had further knowledge that BGH was not asserting any privilege on Alexander's behalf, for in his own letter, Trustmark's counsel admitted that BGH counsel had "discussed that privilege might not be appropriate." Exh. C at 2 (attached to Motion). As set forth in detail in BGH's counsel's affidavit:

> Trustmark's attorney, Mr. Earnhart, knew that the listing of Delaney Wiles as Alexander's address was an error since I had multiple conversations with him about Alexander and I told him there was no attorney-client privilege asserted. He also knew that the last address we knew of for Mr. Alexander was Cook Inlet Pretrial Facility, although he may have been transferred to a federal penitentiary since then. Prior to this motion, Mr. Earnhart has never taken the position that Alexander was a company officer and thus, BGH should produce him as an officer of the company. Mr. Earnhart attended Ms. Virtue's deposition and in informal conversations he and I discussed the fact that Ms. Virtue had testified in support of Mr. Alexander at his criminal trial for stealing from BGH.

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Bethel Group Home, Inc.'s
Opposition to Motion to Compel
Page 4 of 10
Virtue v. Bethel Group Home, et al.
Case No. F05-0021 CV (RRB)

Exh. C at ¶ 4 (Affidavit of Counsel). BGH is not aware of Alexander's current location and is not in any position to produce Alexander as BGH has no relationship to him and has no ability to produce him for a deposition. Exh. C at ¶ 5.

Second, contrary to Trustmark's assertion, Alexander was never a company officer, and is not currently a company officer of BGH. *See* Motion to Compel at 2. In 2002, Alexander was hired as a temporary book-keeper at BGH. Exh. F at 1 (Alexander Discharge); Exh. G at Tr. [74:19-75:21] (Janowiec Deposition). BGH terminated Alexander five months later because Alexander stole a laptop computer from BGH, stole money, and changed payroll records to pay himself more money. Exh. G at Tr. [142:3-143:17] (Janowiec Deposition). The State of Alaska subsequently prosecuted Alexander for committing felony theft for the theft of the laptop computer. Exh. H at 1-5 (Alaska Superior Court Indictment, Case No. 4BE-02-957 CR). After he was terminated from BGH, Alexander was also charged and convicted in federal court with conspiracy to defraud and bank fraud in a counterfeit check scheme under 18 U.S.C. § 1344(2). Exh. I (Federal Court Judgment). Prior to working at BGH, Alexander had convictions for fraud as well. Exh. J (Alexander's Prior Convictions). BGH has had nothing to do with Alexander since he was terminated from BGH four years ago. Exh. C at ¶ 4. Thus, Trustmark's unsupported assertion that BGH has a duty to produce Alexander because he is a BGH company officer is incorrect.

To reiterate, Trustmark's motion in its entirety, is Trustmark's assertion that BGH has "to make company officer Ken Alexander available for deposition." Motion to Compel at 2. Trustmark's argument is not only factually incorrect (for the reasons explained above), it is also legally deficient and incorrect. Trustmark fails to cite any legal authority in support of its position

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Bethel Group Home, Inc.'s
Opposition to Motion to Compel
Page 5 of 10
Virtue v. Bethel Group Home, et al.
Case No. F05-0021 CV (RRB)

and thus the motion should be denied on that basis alone.[2] *See* Motion to Compel at 2. Trustmark's failure in this regard is not surprising, for as explained below, a corporation has no duty to produce a terminated non-officer employee for a deposition. While it is not evident from Trustmark's motion on what basis BGH is required to "to make company officer Ken Alexander available for deposition," Trustmark's motion fails if Trustmark is attempting to make BGH produce Alexander for a deposition either as 30(b)(6) representative or as a former non-officer terminated employee.

To the extent Trustmark is requesting BGH produce Alexander as a former non-corporate officer terminated employee, BGH is under no lawful duty to do so. "[A] corporate party may not be examined through a person not an officer at the time of taking the deposition." *Garshol v. Atlantic Refining Co.*, 12 F.R.D. 204, 205 (S.D.N.Y. 1951). "A defendant is not required to produce an employee as a witness." *Id.* "A corporation is only required to produce such officers or managing agents . . . whose testimony would constitute admissions of the corporation." *Id.* (holding that defendant is not required to produce ex-employee for a deposition).

---

[2] A motion must include the "authorities relevant to the relief requested." *See* D. Ak. LR 7.1(a)(2). "Failure to include proper materials in support of . . . a motion as required by this rule subjects the motion to summary ruling by the court. . . . If the failure is by the moving party, it may deemed an admission that the motion is without merit[.]" D. Ak. LR 7.1(d); *see also Nilsson, Robbins, Dalgarn, Berlinier, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1548 (9th Cir. 1988) ("If a brief fails to contain the contentions of the [plaintiff] with respect to the views presented, and fails to contain citations to authorities, statutes and the record, the issue is waived."); *Intertrust Technologies Corp. v. Microsoft Corp.*, 275 F. Supp. 2d 1031, 1051 (N.D. Cal. 2003) ("As far as the Court is concerned, the persuasiveness of an argument . . . is in direct proportion to the authorities on which it is premised. Necessarily this means that an argument that lacks appropriate supporting citations is no argument at all. Thus, Microsoft cannot be heard to complain that the Court has not adequately considered its arguments where these arguments are insufficiently supported by citations to evidentiary and/or legal authorities."). Trustmark's failure to provide the Court with the appropriate legal and factual authority demonstrating that it is entitled to relief mandates denial of the motion to compel.

Bethel Group Home, Inc.'s
Opposition to Motion to Compel
Page 6 of 10
Virtue v. Bethel Group Home, et al.
Case No. F05-0021 CV (RRB)

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

> [T]he general rule followed by federal district courts is that the deposition of a party may not be taken through one no longer employed by the party. *Colonial Capital Co. v. General Motors Corp.*, 29 F.R.D. 514, 515 (D. Conn. 1961). *See also Mitchell v. American Tobacco Co.*, 33 F.R.D. 262, 263 (M.D. Pa.1963) (deposition of former president of corporation defendant could not be taken where prior to date set for taking of the deposition he had been retired); *Garshol v. Atlantic Refining Co.*, 12 F.R.D. 204, 205 (S.D.N.Y.1951) (person was retired from corporation at time deposition was taken); *Caldwell-Clements, Inc. v. McGraw-Hill Pub. Co.*, 11 F.R.D. 156, 159 (S.D.N.Y.1951) (person was not an agent of the corporation at time of service of notice of deposition). One of the purposes of limiting the admission of a deposition "[w]hen the deponent at the time of taking the deposition has ceased to be an officer of the corporation, [is that] experience has shown he may be hostile to the corporation, so it would be unfair to allow his deposition to be used as evidence of an admission by the corporation." 4A J. Moore, Moore's Federal Practice § 32.04 at 32-19 (1984).

*Fairbanks North Star Borough v. Tundra Tours, Inc.*, 719 P.2d 1020, 103-35 (Alaska 1986); *see also* 10 Fed. Proc., L. Ed. § 26:342 ("The deposition of an officer, director, or managing agent of a party may be used under FRCP 32(a)(2) by an adverse party if, at the time of taking the deposition, the deponent was employed by the party."). BGH is therefore not required to produce Alexander for a deposition because Alexander is a terminated ex-employee of BGH. Exh. F (Alexander Discharge).

To the extent Trustmark is requesting BGH produce Alexander as a corporate officer or 30(b)(6) representative of BGH, Trustmark's actions are similarly legally and factually infirm.

> Except where the employee has been designated by the corporation under Rule 30(b)(6) . . . as a witness who consents to testify on behalf of the corporation, or is an officer, director, or managing agent of the corporation, an employee is treated in the same way as any other witness. His presence must be obtained by subpoena rather than by notice and sanctions cannot be imposed against the corporation if he fails to appear. *See Banks v. Travelers Insurance Co.*, 60 F.R.D. 158 (E.D. Pa. 1973); *Wilkerson v. East*

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Bethel Group Home, Inc.'s
Opposition to Motion to Compel
Page 7 of 10
Virtue v. Bethel Group Home, et al.
Case No. F05-0021 CV (RRB)

>*Harbor Trading Corp.*, 16 F.R.D. 280 (S.D.N.Y. 1954); *Denoto v. Pennsylvania Railroad Co.*, 16 F.R.D. 567 (S.D.N.Y. 1954); *Garshol v. Atlantic Refining Co.*, 12 F.R.D. 204 (S.D.N.Y. 1951); *Mattingly v. Boston Woven Hose & Rubber Co.*, 12 F.R.D. 266 (S.D.N.Y. 1952); *Society of Independent Motion Picture Producers v. United Detroit Theatres Corp.*, 8 F.R.D. 453 (E.D. Mich. 1948); Wright & Miller, Federal Practice and Procedure: Civil § 2103.

*Cleveland v. Palmby*, 75 F.R.D. 654. 65-57 (W.D. Okla. 1977); *see also Cameo-Parkway Records, Inc. v. Premier Albums, Inc.*, 43 F.R.D. 400, 400-01 (S.D.N.Y. 1967) (stating that purpose of rule permitting use of deposition of corporation taken through person who at time of taking of deposition was officer, director or managing agent of corporation is to protect party from admissions of disgruntled former employee).

>Only a party to the litigation may, of course, be compelled to give testimony pursuant to a notice of deposition. When a party is a corporation, such notice of deposition must be given to it pursuant to Fed.R.Civ.P. 30(b)(6). If the examining party notices the corporation alone, the corporation must designate who will speak on its behalf. The examining party has the power itself, however, to designate deponents who will speak for the corporation, but only if the named individuals are "directors, officers, or managing agents." Determining whether an individual qualifies as a "managing agent" of a corporation must be made at the time of the deposition. While the burden of proof rests on the party seeking discovery, doubt about an individual's status as a "managing agent," at the pre-trial discovery stage, are resolved in favor of the examining party. If an examining party fails to meet its burden, it must resort to Fed.R.Civ.P. 45 for subpoenas on non-party witnesses.

*In re Honda American Motor Co., Inc. Dealership Relations Litigation*, 168 F.R.D. 535, 539 (D. Md. 1996) (stating that generally former employees cannot be managing agents who may speak on behalf of corporation at deposition).

Here, Alexander is not BGH's 30(b)(6) representative. Even if Trustmark was attempting to make a 30(b)(6) deposition of BGH, BGH has the right to designate which corporate officer it

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Bethel Group Home, Inc.'s
Opposition to Motion to Compel
Page 8 of 10
Virtue v. Bethel Group Home, et al.
Case No. F05-0021 CV (RRB)

seeks to testify, *see* Fed. R. Civ. P. 30(b)(6), and BGH would not designate Alexander. In any event, Alexander could not be BGH's 30(b)(6) representative because he never was a company officer of BGH and he was terminated from BGH four years ago. Trustmark is free to depose Alexander as a non-party witness and can do that by issuing a subpoena to Alexander directly. BGH has no legal duty to produce Alexander, who is not BGH's 30(b)(6) representative, was never a corporate officer of BGH, was a temporary employee who was terminated by BGH for stealing, and is a not a party to the action between BGH and Trustmark. For these reasons, Trustmark's argument is legally deficient because BGH is not required to produce Alexander, who was not an officer of BGH and was terminated from BGH four years ago.

In sum, Alexander was not and is not a company officer of BGH, was terminated by BGH, has not been employed at BGH for four years, and is not a party to this action. BGH is not asserting any privilege on Alexander's behalf. BGH has no duty to produce Alexander for a deposition. The Court should therefore deny Trustmark's motion to compel.

DELANEY WILES, INC.
Attorneys for Defendant and
Third Party Plaintiff Bethel Group Home

Dated: 8/18/06

s/Cynthia L. Ducey
Cynthia L. Ducey #8310161
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska 99501
(907) 279-3581
(907) 277-1331 fax
cld@delaneywiles.com

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Bethel Group Home, Inc.'s
Opposition to Motion to Compel
Page 9 of 10
Virtue v. Bethel Group Home, et al.
Case No. F05-0021 CV (RRB)

s/Eric Ringsmuth
Eric Ringsmuth #0305019
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska 99501
(907) 279-3581
(907) 277-1331 fax
ear@delaneywiles.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and
correct copy of this document was electronically
served on upon:

William Earnhart
Lane Powell, LLC
301 West Northern Lights Blvd. Suite 301
Anchorage, AK 99503-2648

Cynthia L. Ducey
120648

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Bethel Group Home, Inc.'s
Opposition to Motion to Compel
Page 10 of 10
Virtue v. Bethel Group Home, et al.
Case No. F05-0021 CV (RRB)