IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
FOURTH JUDICIAL DISTRICT AT BETHEL

MELISSA VIRTUE, )
       Plaintiff, )
v. )
    ) Case No. 4BE-04-19 CI
BETHEL GROUP HOME, INC. )
       Defendant. )
_____ )



## ORDER DISPOSING OF DISCOVERY REQUESTS

### I. FACTS

Virtue alleges wrongful denial of insurance coverage while employed at Bethel Group Home (BGH). BGH allegedly intentionally and fraudulently changed her 2002 April insurance application so that it appeared she waived employer-provided medical insurance. Virtue claims economic and non-economic damages, negative credit ratings, inability to obtain insurance benefits, and other damages.

The court addresses two discovery issues in this order. First, by letter dated 23 July 2004, the Bethel City Attorney's Office declined to release Virtue's personnel file to BGH. BGH then requested Virtue obtain the file herself to expedite matters. Virtue denied the request arguing the personnel records were irrelevant and alternatively their disclosure violates both the Bethel Municipal Code and the Alaska Constitution. The court held the personnel file was relevant and requested a response from the Bethel City Attorney's Office regarding the remaining constitutional and municipal ordinance issues. The court received Bethel City Attorney's Office response and now orders Bethel Police Department to submit a copy of the personnel file to BGH.

Secondly BGH counsel asserted attorney-client privilege over four former employees.[1] The court ordered BGH counsel to explain the nature of its representation. Where the privilege exists, Virtue may not informally contact a former employee. BGH counsel, however, inappropriately asserted the attorney-client privilege on behalf of the former employees. But once a former employee requests representation in the pending matter, Virtue may not contact the former employee directly.

## II. LAW AND ANALYSIS

### A. Disclosure of the Personnel Files does not Violate the Bethel Municipal Code or Alaska's Constitution

Virtue argues Alaska Constitution Article 1 Section 22 and Bethel Municipal Code provision 02.40.060 prohibit the city from releasing her personnel file.[2] The court disagrees. The trial court has broad discretion in allowing the discovery of personnel files.[3] As the court ruled in a previous order, the personnel file is relevant and BGH's request is reasonably calculated to lead to discovery of admissible evidence.[4]

The discovery of the personnel file does not constitute an unwarranted invasion of privacy.[5] The Alaska Constitution protects the right to privacy for Alaska citizens but that right does not exist in a vacuum.[6] Although Virtue possesses a legitimate expectation of privacy, there exists a predominate interest in maintaining our system of government by maintaining openness.[7] Also, the necessary disclosure is occurs in a manner least intrusive to any assertions

---

[1] See Initial Disclosures (15 April 2004).
[2] Because the City Attorney's Office has taken no position regarding privilege, Virtue is the only party asserting the arguments set forth in Jennings.
[3] Jones v. Jennings, 788 P.2d at 734.
[4] ALASKA R. CIV. P. 26(b)(1).
[5] Jennings, 788 P.2d at 736.
[6] Jennings, 788 P.2d at 738.
[7] Jennings, 788 P.2d at 738. (The public has an interest in free access to government records).

4BE-04-19 CI
ORDER DISPOSING OF DISCOVERY REQUESTS                                    -2-

of confidentiality. BGH counsel must not to disseminate any information in the personnel file to third parties.

Bethel Municipal Code provision 02.40.060 does not shield the personnel file from discovery. That provision states: "city personnel records...are confidential and are not open to the public inspection." The municipality of Bethel may not, however, cloak personnel records under a broad privilege against civil discovery.[8] The court orders Bethel Police Department by and through the City Attorney's Office to produce Virtue's personnel file to BGH counsel.

An in camera inspection of the personnel file is not required because the legitimate concerns of <u>Jennings</u> do not apply to this case. Jennings was a pro se defendant and the court was concerned Jennings might misuse the information obtained in discovery to harass the officers or their families.[9]

The court denies an award of costs and fees to BGH for having to file the motion to compel. BGH attempted to resolve the matter in a reasonable informal matter prior to seeking the court's assistance. Virtue's failure to provide the requested personnel file was substantially justified however, but only because its response argued in favor of an in camera inspection. Thus, the court does not grant BGH reasonable expenses incurred in making the motion to compel.[10]

Bethel Police Department is **ORDERED** to copy and produce the personnel file to BGH counsel.

---

[8] <u>Jones v. Jennings</u>, 788 P.2d 732, 735-39 (Alaska 1990).
[9] <u>Jennings</u> 788 P.2d at 734.
[10] ALASKA R. CIV. PRO. 37(a)(4)(A).
4BE-04-19 CI
ORDER DISPOSING OF DISCOVERY REQUESTS

EXHIBIT A
Page 3 of 5

- 3 -

### B. Although BGH Counsel Initially Invalidly Asserted the Attorney-Client Privilege, once the Former Employee becomes a Client, the Privilege is Properly Invoked

BGH counsel asserted attorney-privilege over the former employees as clients on 15 April 2004. For purposes of the privilege, however, a "client" is a person who is rendered professional legal services by a lawyer, or who consults a lawyer with a view to obtaining professional legal services.[11] It is obvious from the briefing BGH counsel had no contact with the former employees on 15 April 2004. As BGH never rendered professional legal services upon the former employees (until recently) and none of the former employees consulted BGH with a view to obtaining professional services (until recently), BGH counsel improperly invoked the attorney-client privilege on 15 April 2004. BGH counsel correctly argues the lawyer at the time of the *communication* may claim the attorney-client privilege on behalf of the *client*.[12] But because BGH lacked a "client" or an "underlying communication" on 15 April 2004, BGH counsel invalidly asserted the privilege.

Ethics Opinion 91-1 reaffirms the relevant section of Ethics Opinion 88-3 with regards to informal communications of former employees:

> an attorney representing an opposing party in a lawsuit against a corporation may contact former employees of the corporation, including former members of the corporation's control group, who dealt with the same matter of the litigation without permission of corporate counsel, however, counsel cannot contact the former employee if the former employee is individually represented by counsel in the pending matter.[13]

Virtue's attorney may contact former employees of the corporation until such time they are individually represented in the pending matter. Because BGH counsel (as of this moment) individually represents Lannouye and Janowiec in the pending matter, Virtue may not directly,

---

[11] ALASKA R. EVID. 503(a)(1).
[12] ALASKA R. EVIDENCE *Commentary* 503(c) (the ethics of the profession requires an attorney to do so except under the most unusual circumstances).
[13] ETHICS OPINION NO. 91-1

4BE-04-19 CI
ORDER DISPOSING OF DISCOVERY REQUESTS                                                                                     - 4 -

informally contact these former employees. Virtue's attorney appropriately contacted former employee Alexander. Because former employee Nancy Wilkenson is not presently represented, Virtue may informally contact Wilkenson until individually represented by counsel in the pending matter.[14]

Where a motion is based on facts not appearing of record, the court may hold an evidentiary hearing.[15] The parties submitted sufficient information to the court, so the requests for evidentiary hearings and oral arguments are **DENIED**.

### III. CONCLUSION

The court **GRANTS** BGH's motion to compel discovery of Virtue's personnel file. BGH counsel improperly asserted a privilege over the former employees on 15 April 2004 and may only assert the privilege over those employees currently represented in the pending matter.

Dated at Bethel, Alaska this 23rd day of December 2004.

Judge Dale O. Curda
Alaska Superior Court

I certify that on 12-23-04 copies of this form were sent to:
CLERK: Valerie Fayette

---

[14] Note ETHICS OPINION 91-1 expressly rejected the notion ALASKA R. PROFESSIONAL RESPONSIBILITY 4.2 applies to former employees.
[15] ALASKA R. CIV. PRO. 77(i).

4BE-04-19 CI
ORDER DISPOSING OF DISCOVERY REQUESTS                                     - 5 -