William A. Earnhart (ABA 9411099)
RICHMOND & QUINN, PC
360 "K" Street, Suite 200
Anchorage, Alaska 99501
Ph:  (907) 276-5727
Fax: (907) 276-2953
wearnhart@richmondquinn.com

Attorneys Third-Party Defendant Trustmark Insurance Company

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MELISSA VIRTUE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BETHEL GROUP HOME, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| BETHEL GROUP HOME, INC., ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| TRUSTMARK INSURANCE COMPANY; ) | **REPLY TO BETHEL GROUP** |
| TRUSTMARK LIFE INSURANCE COMPANY; ) | **HOME, INC.'S OPPOSITION** |
| EMPLOYEE WELFARE BENEFIT PLAN ) | **TO MOTION TO COMPEL** |
| SM46761e0001 (The Plan); AND ) | |
| STARMARKETING AND ADMINISTRATION, ) | |
| INC., ) | |
| ) Case No. 4:05-cv-021-RRB | |
| Third-Party Defendants. ) | |

### REPLY TO BETHEL GROUP HOME, INC.'S
### OPPOSITION TO MOTION TO COMPEL

Bethel Group Home ("BGH") offers no reason as to why it claimed attorney-client privilege not only in its initial disclosures, but also on its preliminary witness list, and has refused to correct its error.  BGH provides absolutely no reason that counsel has not responded to written requests from Trustmark's counsel to provide information on how to contact Mr. Alexander, and instead provides this court with half truths and semantic arguments as to why defendant's motion to compel should not be granted.  Further, BGH points this court and counsel to a state court order of which defense counsel was unaware and Bethel Group Home had no intent in obeying.

I.   **UNDISPUTED RECORD**

Ken Alexander is listed as attorney-client privilege in both BGH's initial disclosures and their preliminary witness list.  Every time he has been listed as a witness, BGH has claimed privilege and have never corrected these entries.  Up until their opposition to the motion to compel, BGH has provided no further information on Mr. Alexander such as a last known phone number, address, middle name, social security number or any way to locate Mr. Alexander other than his

relatively common name.[1] This is despite two written requests and numerous voice mail messages from Trustmark's counsel requesting more information on Mr. Alexander. Errors in pleadings happen, however, BGH has neither fixed the error **nor provided any way to locate Mr. Alexander prior to their opposition brief,** despite the clear requirements for identifying witnesses under FRCP 26(A)(1)(a) and 26(A)(3)(a).

Counsel for Trustmark recalls speaking with Ms. Ducey back in March 2006 at the deposition of Melissa Virtue regarding Mr. Alexander. While although she indicated she might not be claiming privilege to Mr. Alexander, she refused to provide any further contact information. See Affidavit of William A. Earnhart. Ms. Ducey, despite having her error pointed out to her, has failed to remedy either of her witness lists or initial disclosures, and has failed to respond to any of defendant's requests for information regarding Mr. Alexander. This is in clear violation of the Civil Rules.

---

[1] In fact, the only Kenneth Alexander easily locatable in the Anchorage area by defense counsel (let alone all of Alaska/the U.S.) is the husband of another local attorney and has never had any contact with Bethel Group Home. See Affidavit of William A. Earnhart, attached hereto as Exhibit A.

## II. TRUSTMARK COULD REASONABLY EXPECT BETHEL GROUP HOME TO CLAIM PRIVILEGE TO MR. ALEXANDER

On this issue, Bethel Group Home has been less than forthright with the court. Mr. Alexander had a title at BGH that would arguably entitle BGH to claim privilege in regard to Mr. Alexander but, more importantly, BGH has shown that it has no intent of following state court orders in this federal case and vice versa.

In its opposition, BGH indicates that Mr. Alexander was only a "bookkeeper". Although it is true that Mr. Alexander was originally hired as a temporary bookkeeper for BGH, at the time of Mr. Virtue's application, he held the position of business manager/personnel manager:

> "No, that was the business manager's position that he was in, but he wasn't really you know, he was the business manager. I mean, I don't know if that was the exact title, but that was a position that had been occupied by people with various levels of skill, and sometimes that position was called operations director or manager. Sometimes it was called office manager. Sometimes it was called business manager. You know, sometimes it was called bookkeeper. **So its function** primarily its role was to do the bookkeeping in the corporation and **to do the personnel management.** That was the two major activities that was the role it occupied."

See Exhibit B, Deposition of Paul Janovich at page 75, attached hereto. (Emphasis added.)

BGH points to a state court order stating that it could not claim privilege to Mr. Alexander. This court order from 12/23/04, almost a year prior to Trustmark becoming part of this litigation, is entitled "order disposing of discovery requests". Although defense counsel did possess this order in the four volumes of state court documents it received, defense counsel had not noted this particular ruling. The point is moot, however, since BGH has shown that it will argue that the rulings of one court are not binding on the other.

As this court may recall at Docket No. 36, it granted Trustmark's motion to quash BGH's subpoena served on less than two weeks' notice without consultation with counsel. Despite this order and despite defense counsel's many offers to provide Trustmark witnesses on mutually agreeable dates and/or affidavits to assist with BGH's state court motion practice, BGH ignored this court's order and subsequently had an out-of-state subpoena issued in the state court action which it served on Trustmark on less than one day's notice. Affidavit of William A. Earnhart. Trustmark did not appear for the deposition as the Trustmark witnesses were out of state and not available, and defense counsel for Trustmark did not even know that the subpoena had been issued or served until after

the stated time for the deposition.  <u>Id.</u>  Nor did BGH intend the deposition to go forward as it informed Virtue's counsel that the deposition would not be taking place.  <u>Id.</u>

To compound the problem, BGH filed a motion to show cause in the Illinois State Court which caused Trustmark to expend approximately $4,500 hiring local counsel.[2]  Affidavit of William A. Earnhart.  On August 8, 2006, the Illinois Court denied BGH's motion to show cause for the obvious reasons.  <u>See</u> Attachment to Affidavit of William A. Earnhart.  Obviously, counsel for BGH would like to play games and does not find the state court orders binding for the action in federal court.

### III. BGH HAD STRATEGIC REASONS TO HIDE THE AVAILABILITY OF MR. ALEXANDER

As the court can see by the Affidavit of Ken Alexander, attached hereto as Exhibit C, he is testifying that BGH intentionally and maliciously altered Melissa Virtue's application so that there would be no chance that she would receive insurance benefits and that there would be no damages from BGH's error in not submitting the application to Trustmark in a timely manner.  This affidavit came to light in

---

[2]  Trustmark will be seeking these fees at the end of this litigation.

**DEFENDANT TRUSTMARK'S REPLY TO OPPOSITION TO MOTION TO COMPEL**
<u>VIRTUE v. BETHEL GROUP HOME v. TRUSTMARK INS.</u>, CASE NO. 4:05-cv-021-RRB
PAGE 6 OF 8

the state court action in response to a motion for summary judgment filed by BGH in July.  It is clear BGH had a reason to hide the whereabouts of Mr. Alexander up until this affidavit.  It does not, however, excuse BGH's intentional disregard of the civil rules and counsel.

DATED this 24th day of August, 2006, at Anchorage, Alaska.

                         RICHMOND & QUINN
                         Attorneys for Third-Party
                         Defendants

By:    s/ William A. Earnhart
      RICHMOND & QUINN, PC
      360 "K" Street, Suite 200
      Anchorage, Alaska 99501
      Ph: (907) 276-5727
      Fax: (907) 276-2953
      wearnhart@richmondquinn.com
      Alaska Bar. No. 9411099

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically this 24th day of August, 2006 to:

| | |
|---|---|
| Jim J. Valcarce | Richard Friedman |
| COOK ROOSA & VALCARCE | FRIEDMAN RIBIN & WHITE |
| Box 409 | 1126 Highland Ave. |
| Bethel, AK 99559-0409 | Bremerton, WA 98337-3218 |
| | |
| Margaret Simonian | Cynthia L. Ducey |
| FRIEDMAN RUBIN & WHITE | DELANEY WILES HAYES GERETY |
| 1227 W. 9th Ave., 2nd Floor | ELLIS & YOUNG |
| Anchorage, AK 99501-3218 | 1007 W. 3rd Ave., Ste. 400 |
| | Anchorage, AK 99501-1936 |

     /s/ William A. Earnhart
        RICHMOND & QUINN

2241\001\PLD\REPLY TO OPP TO COMPEL (MOTION)