LAW OFFICES OF
**FRIEDMAN, RUBIN & WHITE**

ALASKA OFFICE

1227 W. 9th Avenue, Second Floor
Anchorage, AK 99501
907-258-0704
907-278-6449 (fax)
frw@frwusa.com

Richard H. Friedman[1]
Jeffrey K. Rubin
Jeffrey A. Friedman
Michael N. White[2]
Kenneth R. Friedman[3]
James A. Hertz[4]
Kirsten Tinglum Friedman[2]
Margaret R. Simonian
James H. McComas, Of Counsel
Christine S. Schleuss, Of Counsel
Peter R. Ehrhardt, Of Counsel

[1] Admitted in WA, AK & CA
[2] Admitted in WA & AK
[3] Admitted in WA, AK & MT
[4] Admitted in SD & WA
(All others admitted in AK only)

March 15, 2005

Cynthia Ducey
Delaney, Wiles, Hayes, Gerety, Ellis & Young, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska 99501 -1990

Dear Ms. Ducey:

We apologize for any confusion caused by our entry of appearance in Ms. Virtue's case. Rick Friedman is acting as co-counsel with Jim Valcarce. The entry of appearance filed by Friedman, Rubin & White was not a substitution of counsel, therefore D.Ak.L.R. 83.1(f)(3)(A)(ii) is not implicated or violated. Notwithstanding the confusion surrounding the entry of appearance, there are no legal grounds for refusing service since Mr. Valcarce's signature was also included on the motion.

Your request for an extension of time to oppose the motion to remand is fine, and we agree to the dates you propose in your stipulation.

Finally, we do object to your notice of deposition. By our records, you did not request to depose Ms. Virtue until after you removed this case to federal court. At this time there is no order from the District Court governing discovery. Unless and until the Court reopens discovery, Ms. Virtue will not be attending any depositions. Also, you have just moved to join a new party. If the new party is

EXHIBIT I
PAGE 1 OF 8

allowed to enter, they will want to participate in any future depositions. If the new party is disallowed, discovery was completed in state court with the limited exception of the records deposition of Starmark. Given these unresolved issues, it is premature and inefficient to conduct discovery at this time.

Please call me if you wish to further discuss any of these issues.

Sincerely,

Meg Simonian
Friedman, Rubin & White

Cc: Jim Valcarce, Rick Friedman

LAW OFFICES OF
**FRIEDMAN, RUBIN & WHITE**

ALASKA OFFICE

1227 W. 9th Avenue, Second Floor
Anchorage, AK 99501
907-258-0704
907-278-6449 (fax)
frw@frwusa.com

Richard H. Friedman[1]
Jeffrey K. Rubin
Jeffrey A. Friedman
Michael N. White[2]
Kenneth R. Friedman[3]
James A. Hertz[4]
Kirsten Tinglum Friedman[2]
Margaret R. Simonian
James H. McComas, Of Counsel
Christine S. Schleuss, Of Counsel
Peter R. Ehrhardt, Of Counsel

[1]Admitted in WA, AK & CA
[2] Admitted in WA & AK
[3] Admitted in WA, AK & MT
[4] Admitted in SD & WA
(All others admitted in AK only)

April 19, 2005

Cynthia Ducey
Delaney, Wiles, Hayes, Gerety, Ellis & Young, Inc.
1007 West 3rd Avenue, Suite 400
Anchorage, AK 99501

Re: Virtue v. Bethel Group Home

Dear Cynthia:

Thank you for your response to my letter. Unfortunately, it appears we are just going to have to disagree on the appropriateness of deposing Ms. Virtue at this time. I do agree with you that Fed. R. Civ. Proc. 26(d) requires a meeting of the parties, but the state court meeting of the parties that occurred on March 22, 2004 does not satisfy this requirement. Fed. R. Civ. Proc. 26(d) states that a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." District Court Judge Beistline recently ordered, over your objection, that the written report which is required after such meeting need not be filed until the Court rules on the remand motion.

It is unambiguous that the Court does not expect the parties to meet while the remand motion is under advisement. Without this requisite meeting under Rule 26(d), no depositions can be unilaterally scheduled. We are not willing to agree to a deposition of Ms. Virtue until the remand and joinder of new party issues are resolved. Additionally, because this case was removed to federal court, Ms. Virtue is not under any discovery duty that existed in the state court case.

Ms. Virtue will not be attending the deposition you have scheduled because it is premature, inefficient at this point in the litigation, and is in violation in of Fed. R. Civ. Proc. 26(d) and (f).

Please call me if you wish to discuss any of these issues.

Sincerely,

Meg Simonian

LAW OFFICES OF
FRIEDMAN, RUBIN & WHITE

ALASKA OFFICE

1227 W. 9th Avenue, Second Floor
Anchorage, AK 99501
907-258-0704
907-278-6449 (fax)
frw@frwusa.com

FILE COPY-ANC

Richard H. Friedman[1]
Jeffrey K. Rubin
Jeffrey A. Friedman
Michael N. White[2]
Kenneth R. Friedman[3]
James A. Hertz[4]
Kirsten Tinglum Friedman[2]
Margaret R. Simonian
James H. McComas, Of Counsel
Christine S. Schleuss, Of Counsel
Peter R. Ehrhardt, Of Counsel

[1]Admitted in WA, AK & CA
[2] Admitted in WA & AK
[3] Admitted in WA, AK & MT
[4] Admitted in SD & WA
(All others admitted in AK only)

Cynthia Ducey
Delaney, Wiles, Hayes, Gerety, et al.
1007 W. 3rd Avenue, Suite 400
Anchorage, AK 99501

Re: Virtue v. BGH

July 13, 2005

Dear Cynthia:

I received your Notice of Deposition for taking Melissa Virtue's deposition on August 10 in Ketchikan. As you know, Judge Curda accepted for filing your third-party complaint on June 30. I am concerned about scheduling Ms. Virtue's deposition so soon. Starmark Insurance has not yet been served with the third-party complaint. We do not want to schedule Ms. Virtue's deposition until we can ensure that Starmark is able to participate, or chooses not to participate. This concern is not new. As I told you in our correspondence on March 15 and April 19, it is inefficient to schedule a deposition in which Starmark cannot participate.

We hope to avoid subjecting Ms. Virtue to more than one deposition. Multiple depositions of the same witness is certainly not contemplated by Rule 30. Additionally, Ms. Virtue is ill which makes one deposition taxing. Besides the inconvenience to her, it will be costly for all of the parties involved to do manifold depositions. Discovery does not close until November, leaving plenty of time to ensure her deposition will occur with all parties participating. Please let me know if you will agree to postpone Ms. Virtue's deposition until Starmark has been served and is able to participate. I hope that we can agree to continue this deposition. If we cannot, we will be forced to ask the Court to intervene.

EXHIBIT I
PAGE 5 OF 8

Also, our practice is to informally consult with opposing counsel before noticing depositions. This allows both counsel to consult calendars and witnesses to ensure availability. It saves time and money for everyone involved. Please let me know if you will agree to this professional courtesy in the future.

Sincerely,

Meg Simonian

LAW OFFICES OF
FRIEDMAN, RUBIN & WHITE

ALASKA OFFICE

1227 W. 9th Avenue, Second Floor
Anchorage, AK 99501
907-258-0704
907-278-6449 (fax)
frw@frwusa.com

Richard H. Friedman[1]
Jeffrey K. Rubin
Jeffrey A. Friedman
Michael N. White[2]
Kenneth R. Friedman[3]
James A. Hertz[4]
Kirsten Tinglum Friedman[2]
Margaret R. Simonian
James H. McComas, Of Counsel
Christine S. Schleuss, Of Counsel
Peter R. Ehrhardt, Of Counsel

[1]Admitted in WA, AK & CA
[2] Admitted in WA & AK
[3] Admitted in WA, AK & MT
[4] Admitted in SD & WA
(All others admitted in AK only)

July 18, 2005

Cynthia Ducey
Delaney, Wiles, Hayes, et al.
1007 West 3rd Avenue
Anchorage, Alaska 99501

Dear Cynthia:

I am writing in response to your letter dated July 18, 2005 regarding Ms. Virtue's deposition. I understand your annoyance in the delay of taking Ms. Virtue's deposition. Though as I explained, much of that delay has been created by your removal of the case to federal court and joining a new party to this lawsuit. Starmark will undoubtedly want to participate in Ms. Virtue's deposition. In the spirit of fairness, efficiency and cost-savings, Ms. Virtue's deposition should be postponed until Starmark is served and can participate. Unfortunately, it appears the Court will need to decide this issue.

We do not have any new medical records for Ms. Virtue that require supplementing our initial disclosures. Ms. Virtue suffers from a chronic illness for which she is financially unable to obtain appropriate medical care. I am not aware of any new medical treatment, but if you would like to send us an updated release we will ensure that Ms. Virtue signs it promptly.

Thank you for showing a willingness to call before noticing future depositions. I understand your frustration in contacting Mr. Valcarce, and the confusion you

EXHIBIT I
PAGE 7 OF 9

appear to have about who has authority in this case. Myself, Rick Friedman, and Mr. Valcarce all have authority to make decisions in this case. For your convenience in the future, please contact me so that we can discuss availability for depositions. If this does not clear up your confusion, please call me so we can discuss the matter further. I will move forward on the assumption that we will both extend the professional courtesy of calling the other side before noticing depositions.

You also mentioned difficulty reaching me to discuss Ms. Virtue's deposition. My messages from you did not reference Ms. Virtue's deposition, but instead were asking for an extension of time on a reply brief. You called on Friday, July 1, to ask for that extension. My staff told you that I was out of the office for the July 4 weekend and would not return until July 6. I signed the stipulation that you sent to me on July 6 and had it delivered to you office that day. Further, my paralegal called your office that day and let you know I agreed to the stipulation. You did not mention any desire to discuss Ms. Virtue's deposition in this exchange. I apologize if you felt I ignored your calls when you contacted me for an extension.

Sincerely,

Meg Simonian