Cynthia L. Ducey
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska 99501
(907) 279-3581
(907) 277-1331 fax
cld@delaneywiles.com

Attorneys for Bethel Group Home, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MELISSA VIRTUE, <br><br> Plaintiff, <br><br> vs. <br><br> BETHEL GROUP HOME, INC., <br><br> Defendant. | |
| BETHEL GROUP HOME, INC., <br><br> Third Party Plaintiff, <br><br> vs. <br><br> TRUSTMARK GROUP HEALTH BENEFITS PLAN, through TRUSTMARK INSURANCE CO., plan underwriter and insurer, and STARMARKETING AND ADMINISTRATION, INC., aka STARMARK, d/b/a Plan Sponsor/ Administrator, <br><br> Third Party Defendants. | **AFFIDAVIT OF CYNTHIA DUCEY** <br><br><br> Case No. F05-0021 CV (RRB) |

| STATE OF ALASKA | ) |
|---|---|
| | ) ss. |
| THIRD JUDICIAL DISTRICT | ) |

Cynthia L. Ducey, being first duly sworn on oath, deposes and says as follows:

1.  I am a shareholder and director at Delaney Wiles, Inc. I am also the attorney of record and the lead attorney in this case. I have personal knowledge of the matters stated herein.

2.  Eric Ringsmuth is an associate attorney at Delaney Wiles, Inc., who has been assisting me on certain matters in this case.

3.  On January 4, 2005, the 30(b)(6) deposition of Trustmark was begun but not finished. All participants recognized that this would not be the only 30(b)(6) deposition taken of Trustmark and that Bethel Group Home, Inc. would be able to complete the deposition at a later time. It is important to recognize that prior to taking this deposition, all participants recognized that this would not be the only 30(b)(6) deposition taken of Trustmark and that BGH would be able to complete the deposition at a later time. In fact, during the deposition, Mr. McDaniel, counsel for Trustmark, stated that he would make individuals such as Penny Gregory who were more knowledgeable about certain topics to be designated and made available for future depositions. Moreover, documents sought were not produced. Attempts had been made to continue the 30(b)(6) deposition of Trustmark, and depose the representative on additional matters set forth in the Notice of Deposition dated May 17, 2006.

4.  During various telephone conversations that took place between myself and Trustmark's local Alaska counsel William Earhnart, and Eric Ringsmuth and Mr. Earnhart, Mr Earnhart was informed that Bethel Group Home wanted to continue the January 4, 2005, 30(b)(6)

ANEY WILES, INC.
SUITE 400
WEST 3RD AVENUE
HORAGE, ALASKA
907) 279-3581

Affidavit of Cynthia Ducey
Page 2 of 4
Virtue v. Bethel Group Home, et al.
Case No. F05-0021 CV (RRB)

Case 4:05-cv-00021-RRB    Document 48-19    Filed 09/22/2006    Page 3 of 9
Case 4:05-cv-00021-RRB    Document 32    Filed 05/23/2006    Page 3 of 4

deposition of Trustmark and depose the representative on additional topics before the close of discovery in the state court case on June 1, 2006. On May 17, 2006, I informed Mr. Earnhart over the telephone that the 30(b)(6) deposition(s) was scheduled for May 31, 2006. He voiced no objection to scheduling the deposition for that day.

5. Mr. Earnhart never informed myself or Mr. Ringsmuth that he would not be available to defend the 30(b)(6) deposition(s) near the end of May 2006 or that taking a 30(b)(6) deposition of Trustmark during this time frame would impose any burden on Trustmark. At no point did Mr. Earnhart express any concern or reservation about the deposition going forward during this time frame. In fact, Mr. Earnhart stated that he would personally accept service of the subpoena on behalf of Trustmark.

6. Mr. Earnhart did not discuss with me his intention to file a motion to quash the subpoena. Mr. Earnhart did not attempt to confer in good faith or make any attempt to resolve this matter without court intervention.

FURTHER SAYETH YOUR AFFIANT NAUGHT

_____
CYNTHIA L. DUCEY

SUBSCRIBED AND SWORN to before me this 23 day of May, 2006.

_____
Notary Public for Alaska
My Commission Expires: 2/6/08

LANEY WILES, INC.
SUITE 400
17 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 276-3581

Affidavit of Cynthia Ducey
Page 3 of 4
Virtue v. Bethel Group Home, et al.
Case No. F05-0021 CV (RRB)

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2006, a copy of the foregoing was served electronically on:

Jim J. Valcarce, Esq.
Cook, Roosa and Valcarce LLC
Box 409
Bethel, AK 99559-0409
(Attorneys for Plaintiff)

Margaret Simonian, Esq.
Friedman, Rubin & White
1227 W. 9th Ave., 2nd Floor
Anchorage, AK 99501-3218
(Attorneys for Plaintiff)

Richard Friedman, Esq.
Friedman, Rubin & White
1126 Highland Avenue
Bremerton, WA 98337-3218
(Attorneys for Plaintiff)

William Earnhart, Esq.
Lane Powell, LLC
301 West Northern Lights Blvd. Suite 301
Anchorage, AK 99503-2648
(Attorneys for Third Party Defendants)

/S/ Cynthia L. Ducey

117325

ANEY WILES, INC.
SUITE 400
7 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Affidavit of Cynthia Ducey
Page 4 of 4
Virtue v. Bethel Group Home, et al.
Case No. F05-0021 CV (RRB)

Cynthia L. Ducey
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska 99501
(907) 279-3581
(907) 277-1331 fax
cld@delaneywiles.com

Attorneys for Bethel Group Home, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MELISSA VIRTUE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| BETHEL GROUP HOME, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| BETHEL GROUP HOME, INC., ) | |
| ) | |
| Third Party ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| TRUSTMARK GROUP HEALTH ) | |
| BENEFITS PLAN, through ) | |
| TRUSTMARK INSURANCE CO., ) | |
| plan underwriter and insurer, ) **AFFIDAVIT OF** | |
| and STARMARKETING AND ) **CYNTHIA DUCEY** | |
| ADMINISTRATION, INC., aka ) | |
| STARMARK, d/b/a Plan Sponsor/ ) | |
| Administrator, ) | |
| ) | |
| Third Party ) | |
| Defendants. ) | |
| ) Case No. F05-0021 CV (RRB) | |

STATE OF ALASKA            )
                           ) ss.
THIRD JUDICIAL DISTRICT    )

Cynthia L. Ducey, being first duly sworn on oath, deposes and says as follows:

1.  I am a shareholder and director at Delaney Wiles, Inc. I am also the attorney of record and the lead attorney in this case. I have personal knowledge of the matters stated herein.

2.  I hereby incorporate the underlying factual reasons that were presented in BGH's motion for a continuance explaining the limited discovery BGH has had from Starmark to date, and the information that BGH seeks to obtain that will create issues of material fact in opposition to Starmark's motion for summary judgment. Once BGH takes the requested discovery from Starmark, such as to complete 30(b)(6) deposition of Starmark, and the depositions of Starmark employees and obtains all relevant documents regarding this case, BGH will be able present evidence creating a material issue of fact precluding summary judgment.

3.  As explained in more detail in BGH's motion, discovery in this case does not close for another nine months, i.e., on June 22, 2007. No trial date has yet been set in the federal court case. The parties have not yet engaged in any meaningful discovery other than exchanging the initial disclosures and preliminary witness lists since BGH's third-party complaint against Starmark was filed. While BGH had previously deposed Starmark's 30(b)(6) representative in January 2005, this was before Starmark was a party to these proceedings. Moreover, as set forth in more detail below, Starmark's 30(b)(6) representative was not able to answer numerous questions. And, while BGH subsequently attempted to depose Starmark representatives in May, 2006, it was unable to do so because Starmark cited scheduling conflicts to quash a subpoena that would have permitted BGH to complete the deposition of Starmark. Additionally, BGH has not

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Affidavit of Cynthia Ducey
Page 2 of 5
Virtue v. Bethel Group Home, et al.
Case No. F05-0021 CV (RRB)

deposed the Starmark employees who, among other things, processed Ms. Virtue's application, and made the decision not to enroll her.

4.  In the meantime, BGH has been litigating the state court case, which has proceeded on an accelerated discovery schedule, and required BGH to respond to numerous pretrial deadlines and the rapidly approaching trial, which has required BGH's attorney's full attention. For example, BGH prepared, drafted and filed two extensive motions for summary judgment in the state court case. BGH has also filed three motions in limine, and responded to pretrial deadlines for expert witness reports, exhibits, jury instructions, trial briefs, deposition designations, in the state court case, as well as preparing for trial which will start on October 9, 2006, and is expected to last two weeks. Under these circumstances, BGH's request for a continuance to conduct discovery to be able to respond to Starmark's motion for summary judgment is timely. It was not possible to engage in extensive discovery, including out of state depositions in the federal case, during this time period and given responsibilities in other cases.

5.  Before the federal case was even filed, in January 2005 BGH previously noticed the deposition of Starmark pursuant to Alaska Civil Rule of Procedure 30(b)(6), and designated numerous topics for which testimony was sought. Starmark's 30(b)(6) designee was not able to testify knowledgeably regarding numerous topics that were noticed and that were related to the topics that were noticed. Starmark also failed to produce various documents that were requested as well. BGH has never taken Starmark's 30(b)(6) deposition in the federal court case. Prior to taking Starmark's deposition in January 2005, all participants recognized that this would not be the only 30(b)(6) deposition taken of Starmark and that BGH would be able to complete the deposition at a later time.

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Affidavit of Cynthia Ducey
Page 3 of 5
Virtue v. Bethel Group Home, et al.
Case No. F05-0021 CV (RRB)

6.      In May 2006, BGH sought to continue the 30(b)(6) deposition of Starmark and have Starmark produce all of the previously requested documents, as well as additional documents. When BGH tried to resume Starmark's 30(b)(6) deposition in May 2006, so that Starmark could produce the requested materials and a 30(b)(6) representative who could actually testify knowledgeably about the previous designated topics that were not properly answered and numerous other topics, Starmark's attorney successfully quashed the deposition because it was not convenient for his schedule and because he claimed that despite Starmark having over a year to prepare for the continuation of the 30(b)(6) deposition, Starmark did not have enough time to produce a knowledgeable 30(b)(6) representative. Consequently, BGH has not obtained numerous documents and information that would create a material issue of fact foreclosing Starmark's motion for summary judgment on all of BGH's claims.

7.      BGH seeks time to conduct additional discovery to demonstrate that the facts Starmark has asserted in support of its motion are vigorously contested and do not establish that Starmark is entitled to prevail on its motion for summary judgment. The limited discovery that has taken place so far demonstrates material issues of fact that would preclude summary judgment in Starmark's favor for the reasons presented in BGH's motion. Moreover, once BGH is permitted to engage in discovery, further evidence should be discovered establishing that the fault of Starmark caused plaintiff not to be a participant in the health plan. However, the limited discovery that has taken place so far demonstrates that Starmark's failure to properly process the plaintiff's application caused the plaintiff to not become enrolled in the policy for the reasons explained in BGH's motion.

8.      BGH will seek production of evidence from Starmark, and to depose Starmark's 30(b)(6) representative, party representative, and employees regarding, among other things, all of

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Affidavit of Cynthia Ducey
Page 4 of 5
Virtue v. Bethel Group Home, et al.
Case No. F05-0021 CV (RRB)

the topics set forth in the January 5, 2005 deposition notice, as well as the May 17, 2006 deposition notice, in addition to all materials received from BGH on behalf of Melissa Virtue.

9. This and the other information BGH seeks is directly relevant to determine what exactly happened with Starmark's processing of Virtue's health insurance application and establishing Starmark's unlawful conduct, which is one of the critical facts at issue in the case. BGH is therefore entitled to these documents and to depose Starmark's 30(b)(6) representatives and employees regarding this information. This information will assist in defense of all of BGH's counts against Starmark to create a material issue of fact to oppose Starmark's motion for summary judgment.

FURTHER SAYETH YOUR AFFIANT NAUGHT

_____
CYNTHIA L. DUCEY

SUBSCRIBED AND SWORN to before me this 22nd day of September, 2006.

_____
Notary Public for Alaska
My Commission Expires: 4-14-08

121845

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Affidavit of Cynthia Ducey
Page 5 of 5
Virtue v. Bethel Group Home, et al.
Case No. F05-0021 CV (RRB)